| 83 | 453 |
| 97 | 222 |
| 83 | 453 |
| 125 | 223 |

# Alabama Great Southern Railroad Co. v. Chapman.

### *Action for Damages on account of Personal Injuries.*

1. *Amendment of complaint, not introducing new cause of action.*—In an action against a railroad company, to recover damages for personal injuries, the original complaint alleging that the "defendant's train threw a cow from the track, and against the plaintiff, whereby plaintiff was greatly injured," and that this was caused by the failure of the engineer to blow the whistle or ring the bell, at intervals, on entering the corporate limits of the town, and his failure to use all means in his power known to skillful engineers to stop the train; an amended complaint, which alleges that the train was running at a reckless and unusual rate of speed, and that the engineer failed to keep a proper lookout for obstructions on the track, whereby the accident was caused, does not introduce a new cause of action, nor materially vary the original, so that the statute of limitations may be pleaded to it.

APPEAL from the Circuit Court of Sumter.

Tried before the Hon. SAMUEL H. SPROTT.

This action was brought by Eliza Chapman against the appellant corporation, to recover damages for personal injuries, and was commenced on the 28th July, 1884. The original complaint contained but a single count, which alleged "that it was the duty of the defendant to run its trains with due care and skill, and in the manner and under the regulations prescribed by law; that on the 15th August, 1883, while plaintiff was in a path which was then and there used by pedestrians, and had been for a long time, running parallel with defendant's road in the town of Livingston, the

defendant's train threw a cow from the track, and against the plaintiff, whereby plaintiff was greatly injured; that the engineer of said train failed to blow the whistle, or ring the bell, on entering into the corporate limits of said town, and to continue to blow the whistle or ring the bell, at intervals, until he reached the depot, or passed through the said town, and failed to use all means within his power known to skillful engineers in order to stop said train, and thereby prevent said injury; that the aforesaid injury was suffered by plaintiff by reason of the negligence of said engineer in failing to blow said whistle, or ring said bell, and to use all the means known to skillful engineers to stop said train; *by reason of which negligence, the said cow was thrown from the . track, and against plaintiff, to her injury as aforesaid; and plaintiff avers that by reason of such negligence she was greatly damaged," &c.

After the reversal of the judgment, and remandment of the cause, at the last term (80 Ala. 615), the complaint was amended by inserting, at the place marked,* these words: "And the failure of the engineer then and there to exercise due care in keeping a lookout for obstructions on the track, and plaintiff avers that said engineer then and there failed to exercise due care in keeping a lookout for obstructions on the track." A second amendment was also made, by adding another count, which averred that the train "was at the time running at great and unusual and reckless speed," and that the plaintiff's injuries were caused "by reason of the negligence and want of due care on the part of said engineer in running said train at great, unusual and reckless speed, and failing to use all the means known to skillful engineers to stop said train," &c. These amendments were made and allowed at the October term, 1887, and to each of them the defendant pleaded the statute of limitations of one year. The court sustained a demurrer to this plea, and its judgment is now assigned as error.

J. B. HEAD, for appellant, cited *Mohr v. Lemle,* 69 Ala. 180; *Ala. Gr. So. Railroad Co. v. Smith,* 81 Ala. 229.

J. J. ALTMAN, *contra,* cited *Crimm v. Crawford,* 29 Ala. 626; *Long v. Patterson,* 51 Ala. 414; *Dowling v. Blackman,* 70 Ala. 305.

SOMERVILLE, J.—This case has once before been

[Stephenson v. Brunson.]

decided by this court on appeal.—*Ala. Gr. So. R. R. Co. v. Chapman*, 80 Ala. 615.

The only question raised on the present appeal is, that the amendments added to the original complaint introduced a new cause of action.

The *gravamen* of the original cause of action was the negligence of the defendant corporation, imputed by the negligence of the engineer in charge of the railroad train, by which a cow was thrown from the track by the engine, and, after striking the ground, injured the plaintiff by coming in contact with her.

The amendments do not vary the cause of action in any particular, but leave it unchanged. They only add cumulative facts which tend to corroborate the same act of negligence, and from which this alleged negligence may more readily be inferred. In other words, additional reasons are given, in the form of facts, why the act done, which injured the plaintiff, should be regarded as a negligent act. This was allowable, and the amendments introduced related back to the time of the commencement of the suit, so that the plea of the statute of limitations of one year, interposed by the defendant, was properly held bad.

Judgment affirmed.