[Louisville & Nashville Railroad Co. v. Sullivan Timber Co.]

126   95
133  366
126   95.
d141 333,

# Louisville & Nashville Railroad Co. v. Sullivan Timber Co..

*Action against Railroad Company to. recover Damages for Loss of Property caused by, Fire..*

1. *Pleading and practice; motion for a new trial.*—The granting of a new trial in a cause can not be: justified upon the ground. "that the verdict was contrary to the evidence," or "that it was contrary to the law and evidence," when there was evidence on the trial tending to support every issue made by the pleadings in the case, and there was a conflict in the evidence upon every issue.

2. *Same; same.*—Where a motion for a new trial is based upon the giving by the trial court of certain charges at the request of the defendant, if either of the charges so given by the court. was erroneous and such as would have resulted in the reversal of the cause on appeal to the Supreme Court by the: plaintiff, the court should grant said motion for a new trial.

3. *Same; charges to the jury.*—In a civil case, a charge which requires a verdict to be based upon evidence which "satisfies" the minds of the jury is erroneous, in that it exacts too high a degree of proof, since it is sufficient to justify a verdict, if the evidence *reasonably* satisfies and convinces the minds of the jury.

4. *Same; same.*—In a civil case, a charge requested by the defendant which instructs the jury that before a. plaintiff can recover the "evidence must satisfy you" that the injury complained of occurred in one of the ways described in the complaint, which contained five counts, "and if the evidence leaves your minds in uncertainty, confusion and doubt" as to whether the injury complained of occurred in one of the ways set out in. the complaint, the jury should find for. the defendant, is erroneous, in that it exacts too high a degree of proof in requiring the verdict to be based upon evidence which satisfies the minds of the jury; and the words "if the. evidence leaves. your minds in uncertainty, confusion and doubt," do not cure the infirmity.

5. *Same; no adverse inference to be indulged. by, reason. of failure.*

[Louisville & Nashville Railroad Co. v. Sullivan Timber Co.]

> *to introduce witness.*—In an action against a railroad company to .recover damages occasioned by fire which was alleged to have been caused by sparks emitted from the defendant's engine, where the engineer, who was in charge of the engine emitting the sparks alleged to have caused the fire, was examined by the defendant as a witness, the failure of the defendant to introduce as a witness the firemen of such engine, is not a proper subject of comment by the attorney of the plaintiff in his argument before the jury.

6. *Same; argument of counsel to jury; new trial.*—The action of the trial court in granting a motion for a new trial can not be based upon an alleged improper argument of counsel before a jury, unless the remarks complained of were grossly improper and highly prejudicial to the opposing party.

7. *Same; same.*—The failure of the adverse party in a suit to make any objection to the.argument of counsel.of the other party before the jury, and to call the attention of the court to the supposed improper argument and to invoke its ruling thereon, is a waiver of any objection to such argument.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. JOHN R. TYSON.

This action was brought by the appellee, the Sullivan Timber Company, against the Louisville & Nashville Railroad Company, to recover damages for burning the plaintiff's property which was alleged to have been caused by fire, which was started by sparks emitted from one of the defendant's locomotives while being run along its road.

The complaint as amended contained five counts. The first, second, fourth and fifth counts alleged that the fire caught in hay, dry grass, weeds or other combustible material, which was left by the employes of the defendant along its right of way, and that the fire so started was communicated to the plaintiff's premises. The third count alleges that the sparks emitted by the defendant's locomotive fell on the plaintiff's premises and caused the fire, resulting in the damages complained of.

The defendant pleaded the general issue and contributory negligence. It was shown by the evidence that the plaintiff owned a saw mill plant which was located along the line of the defendant's road; that one of the houses

of said plant was situated only a short distance from the defendant's main track; that there was attached to this house a shed, which was on the side of the house nearest to the defendant's road, and that the fire which resulted in the destruction of the plaintiff's plant was commenced in this shed.

The evidence for the plaintiff tended to show that the section hands of the defendant had cut the grass and weeds from along the defendant's right of way, and had left them in piles at some portions of the right of way near to the plaintiff's property, and that in other places the grass was left where it was cut; that on the day the fire occurred, a passenger train operated by the defendant company passed by the plaintiff's plant; that the engine drawing said train emitted large sparks, and that ten or fifteen minutes after the train passed the plaintiff's premises fire was discovered, which resulted in the destruction of the property. There was some tendency of the plaintiff's evidence going to show that these sparks that were emitted from the defendant's locomotive fell in the grass or hay, which was ignited and in that way the fire was communicated to the plaintiff's shed; while other testimony of the plaintiff tended to show that the sparks were so large that in falling upon the roof of said shed they caused the shed to take fire, which was communicated to the rest of the plant.

The evidence for the defendant tended to show that a short time prior to the burning of the plaintiff's property, the plaintiff cause to be thrown down an old shed and re-built the one where the fire was shown to have started; that in tearing down the old shed the pieces of timber and shingles were thrown by the carpenters between the shed and the railroad and many of such pieces of timber, shingles and splinters, resulting from splitting the boards and shingles, were left there, and that if any fire originated from sparks emitted by the defendant's engines, it was communicated to the plaintiff's property by means of the pieces of timber, shingles and splinters which were left lying near the shed.

The defendant introduced the engineer who was oper-

7

ating the locomotive that passed the plaintiff's plant a few moments before the fire, and other witnesses, who testified that said engine was equipped with all the latest improved machinery; that it was examined just before being run out of the shop on the day in question, and that the spark arrester was in good condition and of the best pattern.    There were other witnesses introduced for the defendant, who testified that the sparks emitted from the engine at the time and place in question were not sufficient to ignite any combustible material or to have caused the fire resulting in the injury complained of by the plaintiff.    The defendant did not introduce as a witness the fireman who was on the engine that passed the plaintiff's plant a few moments before the conflagration.

Upon the introduction of all the evidence the court, at the request of the defendant, gave to the jury the several written charges, which are stated in the motion for a new trial hereinafter set forth.    To the giving of each of said charges the plaintiff separately excepted.    There were a verdict and judgment for the defendant.    Thereupon the plaintiff moved the court to grant it a new trial upon the following grounds:

"1.    The verdict is contrary to the evidence.

"2.    The verdict is contrary to the law and the evidence.

"3. The court erred in charging the jury at the request of the defendant as follows: 'The court has given you several charges to the effect that under certain circumstances the burden is thrown upon defendant to prove that the fire was not caused by sparks from its engine, but it does not mean thereby to charge you that if defendant, under such circumstances, fails to show that the fire was not caused by sparks from its engine, you would be justified in finding a verdict for plaintiff.    That is not the law.'

"4.    The court erred also in charging the jury at the request of defendant, as follows: 'The court charges the jury that if they believe from the evidence that a carpenter employed by the plaintiff to re-shingle its shed,

in doing so, threw shingles or pieces of shingles into the street or placed other combustible material therein, and that the defendant placed hay, dry grass, weeds or other combustible material in the street, and that one of defendant's engines threw out sparks and set on fire the hay, dry grass, and other material placed in the street by defendant, and that the shingles and other material placed in the street by the carpenter added to the extent of the fire and aided in communicating it to plaintiff's shed, then the jury ought to find a verdict for the defendant.'

"5.    Also, in charging the jury at defendant's request as follows:   'The jury has no right to surmise or speculate, independent of the evidence, as to how the fire arose or as to how it was communicated to plaintiff's property and then base their verdict thereon: before they can find a verdict for the plaintiff, the evidence must satisfy them that the fire arose from a spark thrown out by defendant's engine and was communicated to plaintiff's property in one of the methods alleged in the complaint, and if the evidence fails to · satisfy them on both of these points and leaves their minds in doubt, confusion and uncertainty as to them, or either of them, the jury ought to find a verdict for the defendant.'

"6. Also, in charging the jury at defendant's request as follows: 'The court charges the jury that the plaintiff has brought its suit in five counts, each describing how the fire occurred, and before it can recover at all, the evidence must satisfy you that the fire occurred in one of the ways described in the complaint, and if the evidence leaves your mind in uncertainty, confusion and doubt as to whether the fire occurred in one of the ways set out in the complaint, you should find for the defendant, although you may believe that one of the defendant's engines threw out sparks and caused the fire.'

"7. Also in charging the jury at the defendant's request as follows: 'The court charges the jury that if they believe from the evidence that a carpenter employed by the plaintiff to reshingle a shed, in doing so threw shingles, or parts of shingles, into the street, or placed combustible materials therein, and that the defendant placed

hay, dry grass, weeds or other combustible materials in the streets, and that one of defendant's engines threw out sparks which started the fire which destroyed the plaintiff's property, but are not satisfied from the evidence whether the fire originated in the hay, dry grass, weeds, or other combustible material placed in the street by the defendant, or in the shingles, or parts of shingles or other combustible material placed in the street by the plaintiff's carpenter, or whether it started partly in the material placed in the street by the carpenter, and partly in the combustible material placed in the street by the defendant, they ought to find a verdict for the defendant.'

"8. The court ought to grant a new trial upon the further grounds, that it erred in stopping and refusing to allow plaintiff's attorney to discuss before the jury the failure of defendant to produce as a witness on the trial of this case, the fireman who was on the engine on the day and on the trip on which the evidence tended to show the fire escaped and set on fire plaintiff's property, as a circumstance to be considered by the jury from which they could indulge the presumption that the testimony of said fireman would be prejudical to defendant's side of the case.

"9. Plaintiff also moves the court for a new trial, because of the improper conduct of defendant's attorney, G. L. Smith, Esqr., in stating to the jury in the opening of his address to them in substance as follows: [then follows the portion of the defendant's attorney's argument of which plaintiff complained.] The bill of exceptions does not show that plaintiff made any objection whatever to this portion of the argument of defendant's counsel.

Upon the hearing of said motion, for a new trial, the court granted said motion, to which ruling of the court the defendant duly excepted. From this judgment setting aside the verdict and granting a new trial, the defendant appeals, and assigns the rendition thereof as error.

GREGORY L. SMITH and JOEL W. GOLDSBY, for appellant. — There were five counts in the complaint, each specifying *the particular* negligence complained of and the *special manner* in which the fire arose. Under such a complaint proof of any other negligence or even proof of a loss by fire arising from the particular negligence alleged, but started in a manner or at a place different from that alleged, would create a variance and defeat a recovery.—*Hood v. Pioneer M. &M. Co.*, 95 Ala. 462; *Stewart v. Tucker*, 106 Ala. 323; *Conrad v. Gray*, 109 Ala. 134; *Kennedy v. R. R. Co.*, 74 Ala. 430; *A. G. S. R. R. Co. v. Grabfelder & Co.*, 83 Ala. 201; *A. G. S. R. R. Co. v. Thomas & Sons*, 83 Ala. 345; *Wilkinson v. King*, 81 Ala. 156; *W. Rwy. of Ala. v. Mutch*, 97 Ala. 194.

Even if the grass had been left between the track and the building and had set it on fire it would not have sustained the first, second, fourth or fifth counts.—*Webb v. Demopolis*, 95 Ala. 135; *Costello v. State*, 108 Ala. 45; *R. R. Co. v. Middlecoff*, 37 N. E. Rep. 660.

In order to recover the plaintiff must, of course, satisfy the jury that the fire occurred in one of the ways described in the complaint.—*H. A. & B. R. R. Co. v. South*, 112 Ala. 650; *Hood v. Pioneer M. & M. Co.*, 95 Ala. 461, and authorities cited.

L. H. & E. W. FAITH, *contra*.—There was evidence tending to show that defendant's employees had cut down the grass in front of plaintiff's shed and had left the same there, and the undisputed evidence shows that defendant's switch post was near where the fire originated, and that defendant's employees in cleaning this switch post light, and cleaning its engines, had thrown waste on the ground, and that this waste was greasy and easily set on fire. The undisputed evidence shows that in tearing down its shed, the plaintiff's employees threw pieces of shingles and boards into the space opposite to plaintiff's property and the undisputed evidence further shows that all of these shingles and pieces of shingles and boards were removed before the fire started. Under

these undisputed facts there should have been a verdict for plaintiff. Even in cases where there is no testimony to show that the engine emitted sparks, and fire is discovered shortly after the engine passed, there is an inference that the fire started from the engine, and the burden of proof is cast on the railroad company to show that the fire did not originate from sparks from its engine by reason of its negligence.—*L. & N. R. R. Co. v. Miller*, 109 Ala. 503.

If then the destruction of plaintiff's property was due to defendant's negligence, the defendant was liable. *Eddy v. LaFayette*, 163 U. S. 466.

The negligence of plaintiff to excuse defendant's negligence must be such that without plaintiff's negligence no injury would have resulted to plaintiff. The test is, "would the burning grass, hay, etc., placed there by defendant, which had been set on fire by the sparks, have set fire to the shed if the shingles, etc., had not been placed there by plaintiff."—7 Am. & Eng. Encyc. of Law (2d ed.), pp. 371, 374, note; *Mont. Gas Light Co. v. Mont. etc. R. R. Co.*, 86 Ala. 381; 2 Jaggard on Torts, 971, 972.

TYSON, J.—The appeal in this case is prosecuted by the defendant in the court below from a judgment granting a new trial. The motion made by the plaintiff for the new trial contains nine grounds. The first two grounds complain of error by the jury in the finding of their verdict. They proceed upon the two propositions: 1st, that the verdict was contrary to the evidence, and, 2d, that it was contrary to the law and evidence. Under the view we take of the case, it is unnecessary to consider these grounds, further than to say there was evidence tending to support every issue made by the pleadings in the case, and a conflict in the evidence upon every issue. It would serve no purpose to discuss the weight of the evidence, for the reason that the granting of the new trial will not be justified upon either of the two grounds involving the correctness of the verdict of the jury.

[Louisville & Nashville Railroad Co. v. Sullivan Timber Co.]

The other seven grounds of the motion complain of error committed by the trial court in giving at the request of the defendant certain written charges, and in restraining plaintiff's counsel, in respect to certain matters, in his argument to the jury, and in permitting defendant's counsel in his argument to the jury to make certain statements. We take it that it cannot be a matter of serious doubt, that if either of the charges given by the court, at the instance of the defendant, was error such as would have resulted in a reversal of the cause on appeal to this court by the plaintiff, that the court should have corrected the error by granting the motion.

The charge set out in the 7th ground of the motion was certainly bad, if for no other reason than it exacts too high a degree of proof, in requiring the verdict to be based upon evidence which "satisfies" the minds of the jury. Evidence is sufficient to justify a verdict if it *reasonably* satisfies and convinces the mind. *Torrey v. Burney,* 113 Ala. 496; *Moore v. Heincke,* 119 Ala. 627; *Coghill v. Kennedy, Ib.* 641.

The charges set out in the fifth and sixth grounds of the motion are subject to the same criticism, unless the words, "if the evidence leaves your mind in uncertainty, confusion and doubt," cures this infirmity. It is conceded by appellant's counsel that the words, "uncertainty and doubt," if they stood alone, would vitiate the charges, notwithstanding they were faultless in other respects. But it is insisted that because the word, "confusion," is used in connection with them in the conjunctive and not in the disjunctive, that this relieves the charges of all infirmities. We have no doubt that if the word "reasonably" had been used to qualify the word "satisfy," where it appears in these charges, that they would not be vicious if good in other respects.— *Calhoun v. Hannon,* 87 Ala. 277; *Marx Bros. v. Leinkauff,* 83 Ala. 453; *A. G. S. R. R. Co. v. Hill, Ib.* 514; *Brown v. Master,* 104 Ala, 464. In the cases of *Calhoun v. Hannon* and *Marx Bros. v. Leinkauff, supra,* the words in the charge were "confused or uncertain," which were condemned in *A. G. S. R. R. Co. v. Hill* and *Brown v. Master,* and properly so. Had they been

connected by the conjunction "and" instead of "or," they would not have vitiated the charges in those cases. It is manifest from what was said in the *Calhoun Case,* the judge dealt with the charge as though the words were connected by "and," overlooking its phraseology in this respect. And so, too, this must have been true in the *Marx Case,* though it does not appear to be so from the opinion, except inferentially. However, we are of the opinion that the words, "if the evidence leaves your minds in uncertainty, confusion and doubt," does not relieve the charges under consideration of the vitiating infirmity pointed out.

No exception appears to have been reserved by the plaintiff to the action of the court in restraining its counsel in argument. But had there been, it would have availed it nothing. The failure of the defendant to produce as a witness the fireman of the engine used by the defendant and alleged to have occasioned the fire, the engineer in charge of the engine having been examined by defendant as a witness, was not, under all the authorities, a proper subject of comment.—*Brock v. The State,* 123 Ala. 24; *Coppin v. The State,* 123 Ala. 58, and authorities cited.

Likewise, it does not appear from the record that the plaintiff made any objection whatever to the argument of defendant's counsel. If it was objectionable, his failure to call the attention of the court to it and to invoke its ruling was a waiver. And the action of the court in granting a motion for a new trial cannot be based upon argument of counsel unless the remarks are grossly improper and highly prejudicial to the opposing party.—*Florence C. & I. Co. v. Fields,* 104 Ala. 480; *Nat. Bank v. Bradley,* 108 Ala. 205. The remarks of defendant's counsel in this case were certainly not of that character.

It is unnecessary to consider the other two grounds of the motion which relate to the giving of two charges.

The judgment of the court in setting aside the verdict of the jury and granting a new trial must be affirmed.