# Amzi Godden Seed Co. *v.* Smith.

## *Assumpsit.*

(Decided December 4, 1913. 64 South. 100.)

1. *Charge of Court; Ignoring Evidence.*—A charge which precluded recovery if the sample of the kind of oats which the party had agreed to buy was exhibited to the party by the seller, though there was evidence that defendant had not delivered the kind of oats it had agreed to deliver, and that plaintiff had agreed to buy, was erroneous.

2. *Same; Weight of Evidence.*—A charge asserting that if plaintiff saw the printed matter on defendant's billheads and read it before he purchased, and nothing was said about the warranty, plaintiff was presumed to have contracted with reference to such matter, was erroneous, where it was merely a matter of inference under the evidence whether plaintiff considered the billhead when he agreed to purchase.

3. *Same.*—A charge upon the effect of evidence susceptible of a construction other than that placed upon the evidence by the court is invasive of the province of the jury, and erroneous.

4. *Appeal and Error; Harmless Error; Instruction.*—Where the evidence made it a jury question whether defendant delivered to plaintiff the kind of oats agreed to be delivered, a charge that plaintiff could not recover if defendant exhibited to him a sample of the kind of oats plaintiff had agreed to buy, where there was evidence that defendant did not deliver to plaintiff the kind he agreed to deliver, was prejudicial.

5. *Sales; Warranty; Breach; Counter-Claim.*—Although the plea interposed was in effect a set-off and recoupment, the contention by defendant that because it was proved without conflict defendant was entitled to the affirmative charge on the ground that the plea purported to answer the whole case, was without merit, as inferentially it admits plaintiff's claim and alleges a counter-claim; does not deny plaintiff's claim in effect.

APPEAL from Birmingham City Court.

Heard before Hon. W. M. WALKER.

Action by Herbert W. Smith against the Amzi Godden Seed Company, for breach of warranty. Judgment for defendant, which on plaintiff's motion was set aside and defendant appeals. Affirmed.

The charge set out in the tenth ground for motion for new trial was given at the request of defendant, and is

as follows: "If you find from all the evidence in this case that defendant agreed to deliver to plaintiff oats of the kind and variety known as rust proof oats, and that it exhibited to him a sample of the oats it had for sale of that kind or variety, and which it bought in the market as rust proof oats, then plaintiff cannot recover damages for a breach of warranty as to the kind or variety of oats."

The court also gave, at defendant's request, the following charge set out in the fourteenth ground: "If plaintiff saw the note on the bill head and read it, and this before he purchased the oats, and nothing was said as to warranty, plaintiff is presumed to have contracted with reference to this note."

ALLEN & BELL, for appellant. As the only matters presented for review are those which affect the granting of the motion, this brief is confined to those questions. —*Woodward I. Co. v. Brown,* 167 Ala. 316. The charge made the basis of assignment 10 in the motion, given at the request of defendant asserted a correct proposition of law, and the court erred in granting the motion on that ground.—*Gachet v. Warren,* 72 Ala. 288; *Mayer Bros. v. Pucket,* 139 Ala. 331. If defendant showed plaintiff a sample of oats in a shoe box and agreed to sell him that kind of oats, it is immaterial that the oats actually received by plaintiff were not rust proof oats.—10 Wall. 383; 80 Am. Dec. 504; 58 Am. Rep. 738; 23 Pac. 74; 35 Cyc. 405. The other charges made the basis for motion for new trial simply state the principal announced in all the books.—*Osborn v. Ala. S. & W. Co.,* 135 Ala. 517; 63 Pac. 915. Defendant proved its plea of set-off, and was, therefore, properly entitled to the verdict rendered, and any errors were without injury, and the court erred in granting a new trial.—*L. & N. v.*

*Jackson,* 128 Ala. 634; *Glass v. Meyer,* 124 Ala. 332; *Melton v. B. R. L. & P. Co.,* 153 Ala. 95.

CABANISS & BOWIE, for appellee. If the court properly granted a new trial its action will not be interfered with on appeal.—*Carter v. Peck & Bro.,* 121 Ala. 633; *Woodward I. Co. v. Brown,* 167 Ala. 317. The court properly granted the motion on ground 10.—*Gachet v. Warren,* 72 Ala. 288. The court also erred in giving the other charge for defendant complained of.—*Stanley v. Nelson,* 28 Ala. 514; *Hollingsworth v. Martin,* 23 Ala. 591; *Mayer v. Thompson,* 116 Ala. 635; *Pittman v. Pittman,* 124 Ala. 306.

SAYRE, J.—In an action by appellee against appellant for an alleged breach of warranty in the sale of some seed oats, defendant recovered judgment over on its plea of set-off and recoupment. On Smith's motion the court below set aside the judgment for error committed in the trial, and from this ruling on the motion the Seed Company has appealed, contending that the trial was unaffected by error, but that on the contrary the court erred in its ruling on the motion.

There was error in giving, on defendant's request, the charge assigned as the tenth ground of error in plaintiff's motion for a new trial. Plaintiff contended, and brought some testimony tending to sustain his contention, that defendant had not delivered the kind of oats it (defendant) had agreed to deliver. The charge precluded plaintiff's recovery because defendant exhibited to him a sample of the kind of oats he (plaintiff) had agreed to buy, although it (defendant) delivered a wholly different and inferior kind. The charge was clearly erroneous and should have been refused. Appellee, recognizing this fact, is very clear in the statement

of his position that obviously the charge was not intended to assert the proposition stated on the bare face of it, and that evidently it had no influence or effect whatever with the jury. Probably so; but there is nothing in the record of the court's action that goes to show that the error of the charge was cured or rendered innocuous, nor can we say that the evidence was so overwhelmingly favorable to defendant as that error against the plaintiff was of no consequence in the matter of the jury's conclusion of fact. The effect of the evidence was fairly debatable, and its determination presented a question within the exclusive province of the jury, while, as for the suggestion that the intendments of common sense should be indulged in favor of the charge, the statute (section 5364 of the Code) commands that charges moved for by either party must be given or refused in the terms in which they are written. We are unable, therefore, to say that there was no reversible error in giving the charge, and hence we cannot say that the court below erred in setting aside the result so attained.

The charge given to defendant and assigned for error in the fourteenth ground of plaintiff's motion for a new trial was erroneous also. It asserts that the printed matter on defendant's billheads, if read by plaintiff before the transaction in question, and if nothing was said as to warranty at the time of the transaction in dispute, was conclusive against plaintiff. This printed matter, which concerned the terms on which defendant sold its seeds, was circumstantial and evidential only. It was a matter of inference whether the plaintiff had in mind the matter of these billheads when he entered into the agreement for the purchase of the oats. On the whole, the jury might have inferred that he did not. A charge upon the effect of evidence, which

is susceptible of a construction different from that placed on it by the court, invades the province of the jury and is error.—*Stanley v. Nelson,* 28 Ala. 514.

The trial court, setting aside the verdict and judgment, put its action specifically upon the error of those charges we have examined, and thus inferentially indicated its opinion that there had intervened no other reversible error. We are strongly inclined to think that the other charges discussed and held for error in appellee's brief were misleading only and would not have availed for a reversal on appeal from the result of the trial itself. But in view of our decision to affirm the action of the trial court in setting aside the judgment, already indicated, it is not necessary to go further in our statement touching the other charges or to express an opinion as to whether the fact that the trial judge assigned specific reasons for his ruling on the motion should be allowed to limit the inquiry in this court. The following cases may be consulted on this point: *Karter v. Peck,* 121 Ala. 636, 25 South. 1012; *L. & N. R. R. Co. v. Sullivan Timber Co.,* 126 Ala. 103, 27 South. 760; *Woodward Iron Co. v. Brown,* 167 Ala. 317, 52 South. 829.

Defendant in the court below pleaded inter alia as follows: "And defendant as a defense to the action of the plaintiff saith that at the time said action was commenced the plaintiff was indebted to the defendant in the sum of $181.00 by account which was then due and payable to the defendant and which it hereby offers to set off against the demands of the plaintiff, and he (it) claims judgment for the excess." Now appellant claims that its set-off was proved without conflict, or it was except as to the purchase price of the seeds in controversy, which went in part to make up the sum claimed in the plea, and that the defendant was

entitled to the general affirmative charge because the said plea purported to answer the whole asserted cause of action. In unmistakable effect the plea is a plea of set-off and recoupment. It does not deny plaintiff's claim. Inferentially it admits that claim, for the purposes of the plea only however, and alleges a counter-claim. It scarcely seems necessary to say that appellant's contention on this point is without merit.

The judgment of the trial court on the motion is affirmed.

Affirmed.

McCLELLAN, MAYFIELD, and SOMERVILLE, JJ., concur.