KEFAUVER *v.* PRICE.

Opinion delivered October 28, 1918.

1. SALE—SEEDS—WARRANTY.—A sale of seeds by description where there is no opportunity for inspection, or where the identity is not distinguishable upon an ordinary examination, imports a warranty as to the particular kind of seeds.

2. PARTNERSHIP—RIGHT OF ACTION BY FIRM.—Where seeds were purchased by a partner in his own name for the firm, the firm are entitled to recover for a breach of implied warranty.

3. CUSTOM AND USAGE—ADMISSIBILITY OF PROOF.—In an action against a seller of seeds for breach of implied warranty as to the kind of seeds sold, it was not error to refuse to permit defendant to ask a witness whether it was the custom among seedsmen not to warrant the quality or condition of seed sold (a) because the alleged warranty did not relate to the quality or condition of seed sold, (b) because it did not appear what the answer of such witness would have been, and (c) because a custom can not be proved which would change the law.

Appeal from Benton Circuit Court; *J. S. Maples,* Judge; affirmed.

*W. N. Ivie,* for appellant.

1. The court erred in giving instruction No. 1 for plaintiff. It attempts to define what is necessary to constitute a warranty in sales and is correct abstractly, but there is no evidence upon which to base it. Also in giving No. 4 which is abstract in form and errs as to the measure of damages. 35 Cyc. 465-472-479.

2. The court erred in giving No. 1 on its own motion, submitting to the jury the question as to whether or not the words used by defendant were mere words of commendation, opinion, belief, judgment or estimates, etc. There was no evidence upon which to base it.

3. The court erred in refusing No. 1 for defendant. The sale was to E. S. Neil and not to the partnership and the firm cannot recover. 35 Cyc. 370; 76 Ark. 352; 19 *Id.* 447. There was no evidence whether or not there was any express or implied warranty, and there was not as to quality or condition of the seed. 74 Ark. 104-8; 76 *Id.* 177; 108 *Id.* 254; 70 *Id.* 61; 45 *Id.* 284; 79 *Id.* 66; 74 *Id.* 144; 35 Cyc. 397-8, 409.

4. It was error to refuse No. 2 for defendant. One who purchases seed from a dealer, the article being present and subject to inspection, cannot in the absence of fraud, assert an implied warranty of quality, fitness or condition. 21 Ann. Cas. 74; 78 Ark. 177; 161 Mich. 266. Also in refusing No. 3 as to the measure of damages. 98 Ark. 495.

5. It was error to refuse No. 7 for defendant. 87 Ark. 47. And in refusing No. 5. Mere commendation, or matter of opinion or belief does not constitute a warranty. 94 Ark. 282. It was error to refuse Nos. 6 and 7. Cases *supra.*

6. It was error to permit Neil to testify as to the manner and extent of cultivation of the seed, etc. This was wholly immaterial. Also as to the number of gallons plaintiffs would have made, which was incompetent.

7. It was error to refuse to allow Walker and Elder to testify as to the custom with reference to warranties by merchants at Rogers. 35 Cyc. 391; 69 Ark. 313.

The appellees *pro sese.*

1. In a sale of seed by name or variety the seller warrants that it is in fact, the kind or variety indicated. Ann. Cas. B. 71 and note 72-87; 20 Am. Rep. 425; 27 *Id.* 13; 174 S. W. 481; 10 Am. Rep. 595; 134 S. W. 56; 109 Ark. 275; Ann. Cas. 1913 E. 87 and note.

2.   The measure of damages is the difference in the value of the crop raised and the value of the crop had the seed been as represented.   Ann. Cas. 1918 B. 83-5; 20 Am. Rep. 428; 27 *Id.* 18; 69 Ark. 29; 71 *Id.* 408.

3.   Evidence as to custom was properly excluded. None was pleaded.   10 Cyc. 1097 and note.   Such a custom would be contrary to established law.   150 S. W. 763; 111 Ark. 263; 83 Am. Rep. 656; 12 Cyc. 1047, 1053; 27 A. & E. Enc. L. 792-5 and notes.

4.   Whether a principal is disclosed or not if the agent contracts for his benefit and there is a breach of warranty to the damage of the principal, he may recover for any loss or damage.   71 Am. Rep. 579 and note; 1 Am. Lead. Cas. 643; 15 N. W. 584; 27 Am. Dec. 132; Mechem on Agency (2 ed.), § 2063.

5.   Neil was a member of the firm and its agent. There is no error in giving or refusing instructions.   105 Ark. 358; 88 *Id.* 12; 101 *Id.* 120, 569; 27 Am. Rep. 19.

McCULLOCH, C. J.   Appellees instituted this action against appellant to recover damages sustained by reason of an alleged breach of warranty in the sale of sorghum seed by appellant to appellees for planting purposes.   Appellant was engaged in the grocery business at Rogers, Arkansas, and sold seed as a part of his business. Appellees are farmers, and purchased of appellant a lot of sorghum seed for planting purposes.   The seeds were sold as of a certain variety designated as ''Orange Sorghum Seed,'' and were planted and cultivated, but turned out, according to the testimony adduced by appellees, to be a mixture of broom corn, kaffir corn and milo maize seed, with perhaps a mixture of sorghum of some kind, and molasses could not be made out of the product.

Neil, one of the appellees, who purchased the seed from appellant, testified that he went to appellant's place of business and called for sorghum seed of the variety mentioned, and that appellant sold him the seed with the positive affirmation that they were seed of that variety. The witness further testified that appellant not only rep-

resented that the seed were of the variety mentioned, but added that he ''would stand behind it.'' Witness also testified that the seed had been hulled by a machine of some kind and looked on the outside like sorghum seed and could not be distinguished therefrom.

Appellant testified that he made no representations to Neil concerning the variety of the seed sold further than to sell Neil the seed on the latter's inquiry for sorghum seed. He testified that he was not a grower of the seed, but purchased the same from others for re-sale in his store, and that nothing was said in conversation with Neil as to the particular kind or variety of sorghum seed.

The following instructions, among others, were given over appellant's objection:

''To constitute a warranty, it is not necessary to use the word warrant or any other particular word; mere words of praise and commendation, or which merely expresses a seller's opinion, belief or judgment, or estimate, do not constitute a warranty; a positive affirmation of a fact as a fact, relied on as such, is sufficient to constitute a warranty, and actual intent to warrant is unnecessary; and whether a particular assertion is an affirmance of a particular fact, and hence a warranty, or only praise and commendation, opinion or judgment, is for the jury to determine, where the meaning is ambiguous, and the intention of the parties may be gathered from the surrounding circumstances.''

''If the jury believes from a preponderance of the evidence that the plaintiff Neil went to the defendant's store for the purpose of buying orange sorghum seed for the purpose of growing cane to make molasses, which purpose at the time was known to the defendant, who as a positive fact asserted that he had orange sorghum seed to influence plaintiff to buy said seed, which fact was believed and relied upon by plaintiff, who was induced thereby to buy and did buy said seed, and you further find that said seed was not orange sorghum seed and unfit for growing cane to make molasses and the seed so sold was so much like orange sorghum seed that an ordinarily pru-

dent person would not have discovered the difference in the seed so sold and the seed called for, you will find for the plaintiffs and assess their value at a sum equal to the difference in the value of the crop raised from the seed so sold and the value of a crop which would have been raised from orange sorghum seed."

The rule of law seems to be very well settled by the authorities that a sale of seeds by description, where there is no opportunity for inspection, or where the iden-· tity is not distinguishable upon an ordinary examination, imports a warranty as to the particular kind of seeds, and that such a transaction falls within the general principle that a sale of chattels by description ordinarily imports warranty of the identify of kind. 2 Mechem on Sales, § 1334. The rule is succinctly stated in a recent decision of the Supreme Court of Mississippi as follows:

"A sale of seed by name raises an implied warranty that it is true to name; and the fact that the buyer inspected the seed before purchasing is immaterial, when its character cannot ordinarily be ascertained by any reasonable inspection." *Grafton-Stamps Drug Co.* v. *Williams,* 105 Miss. 296, 62 Sou. 273. The cases sustaining this rule are collated in the case note of *Meehan* v. *Ingalls,* Ann. Cas. 1918 B, p. 71. Special reference is made to the following cases cited: *Hoffman* v. *Dixon,* 105 Wis. 315; *Miller* v. *Moore,* 83 Ga. 684; 6 L. R. A. 374; *White* v. *Miller,* 71 N. Y. 118; *Leonard Seed Co.* v. *Crary Canning Co.,* 37 L. R. A. (N. S.) 79; *Wolcott* v. *Mount,* 38 N. J. L. 496; *Vaughan's Seed Store* v. *Stringfellow,* 56 Fla. 708; *Rauth* v. *Southwest Warehouse Co.,* 158 Cal. 54; *Godden Seed Co.* v. *Smith,* 185 Ala. 296; *Ross* v. *Northrup,* 156 Wis. 327.

There seems to be a contrariety of opinion as to whether or not a sale of seed imports a warranty of quality, but there is very little difference of opinion as to warranty as to the kind of the seed. Under the law as stated, the instructions of the court were more favorable to appellant than he was entitled to. There was no prejudicial error in that respect.

It is unnecessary to discuss the other instructions, for the ruling of the court in the giving of the instructions and in refusing those requested by appellant did no violence to the rule of law just stated.

The measure of damages stated in instruction No. 4 was correct, and the testimony was sufficient to sustain the amount of damages allowed by the jury according to the law thus stated.

It is also contended that there could be no recovery by the co-partnership composed of appellees for the reason that the purchase of the seed was made by Neil, one of the copartners. It is sufficient answer, however, to this contention to say that the testimony shows that Neil purchased the seed in his own name for the firm. Privity of contract between appellant and the copartnership was thus established and appellees are entitled to recover for the breach of warranty.

Finally it is contended that the court erred in refusing to permit appellant to prove by a certain witness that it was the custom among retail dealers in Rogers not to warrant the quality or condition of seeds that they sold. There are several answers to the contention that this ruling constituted prejudicial error. In the first place, the alleged warranty does not relate to the quality or condition of the seed sold, and, therefore, the custom sought to be proved has no reference to the subject under investigation. In the next place, it is not shown what the answer of the witness would have been to the question excluded. Therefore, it does not appear that appellant was prejudiced by the refusal of the court to allow the witness to answer. In addition to that, it can be said that a mere custom of merchants in that vicinity not to warrant seeds could not change the law with reference to a contract concerning a particular sale. *Miller* v. *Moore, supra.*

We find no error in the record, and the amount of the damages allowed is sustained by the evidence. Judgment affirmed.