J. S. ELDER GROCERY COMPANY v. APPLEGATE.

Opinion delivered February 6, 1922.

1. SALES—WARRANTY IN SALE OF SEEDS—EVIDENCE.—In an action for breach of warranty in the sale of seed, where plaintiff alleged that blackeye peas bought from defendant and sown by him on April 21 did not germinate, proof that soy beans planted by plaintiff on the same day germinated, and that Whippoorwill peas planted by plaintiff on May 10 germinated, was not competent to prove that the peas planted on April 21 lacked germinating qualities.

1a. APPEAL AND ERROR—INCOMPETENT EVIDENCE—PREJUDICE.—Admission of incompetent evidence to establish a fact which it had no tendency to prove is prejudicial.

2. SALES—IMPLIED WARRANTY IN SALE OF SEEDS.—There is an implied warranty in the sale of seeds sold for planting that they are fairly and reasonably suitable for that purpose, and a breach occurs if the seeds are unfit for planting because they have no germinating power.

3. SALES—IMPLIED WARRANTY IN SALE OF SEEDS—QUESTION FOR JURY.—Where defendant denied that they had warranted seeds sold by them, and proved that they had advertised in a local paper that they did not expressly or impliedly warrant their seeds for planting purposes, and plaintiff denied that he had read this notice, it was not error to submit the issue of implied warranty to the jury.

4. SALES—EXPRESS AND IMPLIED WARRANTIES—QUESTION FOR JURY.—While an express warranty excludes an implied one, it was not error to submit to the jury both kinds of warranty where the evidence was such that the jury might find one or the other not to exist.

5. SALES—EXPRESS WARRANTY IN SALE OF SEEDS—EVIDENCE.—Evidence that the dealer told the buyer that seeds sold to him were

good producers and had plenty of food value in them was not sufficient to establish an express warranty that the seeds sold possessed germinating power.

Appeal from Benton Circuit Court; *W. A. Dickson,* Judge; reversed.

### STATEMENT OF FACTS.

Appellee instituted this action in the circuit court against appellants to recover damages in the sum of $106 for an alleged breach of warranty in the sale to him by appellants of eleven bushels of peas for the purpose of planting.

J. E. Applegate, the appellee, was a witness for himself. According to his testimony he was engaged in farming near Rogers, Arkansas, during the year 1920. In the early part of April of that year he bought from the J. S. Elder Grocery Company eleven bushels of peas of the California Blackeye variety. The witness had grown Whippoorwill peas in Arkansas for several years, but had never planted any California Blackeye peas before. He asked appellants for Whippoorwill peas and was told that they did not have them, but that they had California Blackeye peas which they sold to him to be planted. We copy from his testimony, the following:

"Q. Tell the jury what you paid for them, what was the contract?

"A. Well, I went to Mr. Elder to find out about these peas. I inquired of him about them, and it seems there wasn't any, he didn't have any, and didn't know of any, and he told me he had California Blackeye peas. He told me they were good producers, had plenty of food value in them, but not as viney as the Whippoorwill peas, yet produced a good vine, and made a very good hay, but that they were more to produce peas, and that he had had considerable experience with them down south, and had sold quite a few to the different fellows around over the country, but said he did not have the other peas. Well, I took it under consideration, and

when I found out that I could not get the Whippoorwills I went down there and asked him if he still had these peas, between ten and eleven bushels, and I bought all of them.   I planted them between April 21 and 24.   I sowed some Whippoorwill peas, and some of this kind."

According to the witness he prepared the ground well where he planted the peas, and it was fertile.   The weather was not too inclement for them to come up, and there was nothing in the appearance of the peas from which it could be told that they would not germinate. It cost witness $3 an acre to prepare ten acres of ground for planting the peas.   The peas did not come up and an examination of them in the ground showed that they were rotten.   Appellants told the witness that they had bought the peas from the Ozark Grocery Company, and would see what could be done about it.

According to the testimony of a salesman of the Ozark Grocery Company, that company did not handle California Blackeye peas for seed purposes during the spring of 1920, and only sold them for food.   The peas which they sold for food had been treated to keep the weevils out.

According to the evidence adduced for appellants no warranty, express or implied, of the peas was made to appellee.   Appellants bought the peas in question from the Ozark Grocery Company, and that company did not inform them that the peas were not fit for seed purposes.   Appellants advertised in a weekly newspaper published in Rogers, Benton County, Ark., that they gave no warranty, express or implied, in any manner whatever with regard to the seeds sold by them.   They said in the advertisement that they had endeavored to buy the best seeds obtainable after careful investigation.

Other witnesses for appellants testified that they bought California Blackeye peas from appellants and planted them in April, 1920, and that they failed to come up on account of the cold wet weather.   They planted the same kind of peas later on in the season, and they came up well.

The jury returned a verdict for appellee in the sum of $76, and from the judgment rendered appellants have duly prosecuted an appeal to this court.

*Duty & Duty,* for appellants.

The testimony was not sufficient to show an express warranty. To constitute an express warranty it must have been so intended by the parties. 35 Cyc. 374; 11 Ark. 339; 64 Mo. 531.

An express warranty will exclude an implied warranty of fitness for the purpose intended, and where one is waived he may rely on the other, but he cannot rely upon both. 79 Iowa 282; 44 N. W. 548; 35 Cyc. 392; 76 Ark. 177.

Where one purchases seed by name, the warranty implied is that the seed is of the kind designated, and there is no waranty that the seed will germinate or be fit for the purpose intended. 35 Cyc. 409; 117 Ky. 382; 78 S. W. 143; 63 L. R. A. 647; 107 Fed. 886; 76 Ark. 177.

Upon the sale of chattels the law implies no warranty; that is a matter of contract between the parties. 108 Ark. 254; 70 Ark. 61 A purchaser assumes the risk of the quality of the chattel sold him, unless there be fraud or warranty in the sale. 45 Ark. 284. There is a waiver of warranty where he has opportunity of inspection of the goods sold. 76 Ark. 66. The rule of *caveat emptor* applies where the buyer and seller have equal opportunities of inspection. 35 Ark. 397.

Instruction No. 5 requested by defendant should have been given. 161 Mich. 266; 21 Ann. Cas. 74; 78 Ark. 177; 74 Ark. 144.

*John W. Nance,* for appellee.

An affirmation by the seller that seed sold are good and other affirmations as to quality constitute an express warranty. 24 R. C. L. p. 199, par. 470; 24 R. C. L. p. 168, par. 442; Ann. Cas. B-P 73.

There was an implied warranty, and defendant was liable. 24 R. C. L. p. 190, par. 470.

HART, J. (after stating the facts).  Counsel for appellants urge as error the admission of certain testimony before the jury given by appellee.  Appellee was permitted to testify that he planted some soy beans about the 21st of April, 1920, and they made a good crop.  He was also permitted to testify that he sowed Whippoorwill peas about the 10th of May, 1920, and made a pretty good crop of. them.

Counsel for appellee claims that this testimony was competent to show that appellee had properly prepared his ground and planted the seeds in due season.  He contends that the fact that they grew in the same soil under the conditions testified to is a circumstance tending to show that the failure of the California Blackeye peas to come up was the lack of germinating qualities in them.

We cannot agree with counsel in this contention.  It is true that the California Blackeye peas were planted about the 21st of April in the same soil, but it was not shown by appellee that the soy beans had the same germinating qualities as the California Blackeye peas, or that they should be planted about the same time.  The Whippoorwill peas were not planted until the 10th of May following the planting of the California Blackeye peas on the 21st of April.  The season was then further advanced, and the fact that they grew at that time in the same soil would not tend to show that the California blackeye peas, planted on the 21st of April preceding, lacked germinating qualities.

It was the theory of appellants that the seed did not come up because they were planted in cold wet soil.  The season was further advanced on the 10th of May than when the California blackeye peas were planted, and the testimony that the Whippoorwill peas came up when planted on the 10th of May would not tend to show that the California Blackeye peas planted on the 21st of April preceding lacked germinating qualities.  It was not shown that the germinating qualities of the soy beans

and the California Blackeye peas were the same, and the fact that soy beans planted at about the same time as the California Blackeye peas that came up in the same soil, would tend to show that the peas had no germinating power.

The evidence, being admitted to establish a fact which it had no tendency to prove, was necessarily prejudicial to the rights of appellants, and therefore constituted prejudicial error calling for a reversal of the judgment.

It is next contended that the court erred in telling the jury that there was an implied warranty of germinating power in the peas. The undisputed evidence shows that at the time appellee purchased the seeds from appellants he stated that he wanted them to plant, and it could not be told from looking at the seeds whether they were good for the purpose of seeding or not.

The authorities are divided on the question of whether there is an implied warranty of germinating power on a sale of seeds for planting purposes. It is said that the weight of authority is that there is an implied warranty that seeds sold for planting are fairly and reasonably suitable for that purpose and is breached if the seeds are unfit for planting because they have no germinating power. *Totten* v. *Stevenson*, (S. D.) 135 N. W. 715; *Shaw* v. *Smith*, (Kan.) 11 L. R. A. 681; and case notes to 37 L. R. A. (N. S.) 81; L. R. A. 1916-C p. 1012, and Ann Cas. 1918-B, 74. The holding that a warranty of germinating power is implied in the sale of seeds for planting is in accord with the previous holding of this court on a kindred question. In *Kefauver* v. *Price,* 136 Ark. 342, the court held that there is an implied warranty in the sale of seeds for planting or sowing where the sale is by description, that the seeds are true to name. In that case the court said that the fact that the buyer inspected the seeds before purchasing is immaterial when the character of the seeds cannot be ascertained by any reasonable inspection.

In the present case, appellants denied the warranty. Under this denial it was competent for them to show facts negativing an implied warranty, and this they did by proving that they had advertised in a paper published in the town where they did business that they did not expressly or impliedly warrant their seeds for planting purposes. Appellee denied that he had read this notice. This phase of the case was submitted to the jury under proper instructions, and the court did not err in submitting the issue of implied warranty to the jury.

It is next insisted that the court erred in submitting to the jury the question of express warranty in the sale of the seeds by appellants. Of course, there could not be both an express warranty and an implied warranty of fitness for the purpose for which the seeds were sold. The reason is that, if there was an express warranty upon this subject, it would govern as being the contract between the parties. There would be no room for an implied warranty if there was an express warranty on the same subject. This rule, however, would not necessarily render erroneous instructions on both express and implied warranty of germinating power. The reason is that the jury might find one or the other not to exist under the facts and circumstances introduced in evidence. For instance, in the present case the jury might have found that there was no implied warranty because appellee had read the notice published in the paper by appellants to the effect that they gave no warranty, express or implied, as to the quality or productiveness of their seeds. At the same time, if the evidence was sufficient to establish an express warranty, this would govern as the contract between the parties, notwithstanding appellee might have read the notice in the paper.

Hence, in view of another trial, we deem it necessary to decide whether or not the evidence introduced is sufficient to establish an express warranty that the seeds possessed germinating power. The only testimony on that point is the testimony of the appellee himself. We

have copied what he said on this point in our statement of facts and do not deem it necessary to repeat it here. We do not think the testimony is sufficient to establish an express warranty. It is true that the dealer told the buyer that California Blackeye peas were good producers and had plenty of food value in them, but this was not sufficient to constitute an express warranty that the seeds sold possessed germinating power.

For the error in admitting testimony as above indicated the judgment must be reversed, and the cause will be remanded for a new trial.