McDaniel *v.* Davis.

4-2859

Opinion delivered February 13, 1933.

*Duke Frederick,* for appellant.

SMITH, J.   Appellee recovered judgment in the court below for the sum of $150, and, for its reversal, it is insisted that the court erred in giving instructions numbered 1 and 3 at the request of the plaintiff.   It is insisted also that the verdict of the jury and the judgment thereon are not supported by any substantial evidence.

The nature of the case appears from these instructions, to which reference has been made, and which read as follows:

"No. 1.   If you find from a preponderance of the evidence in this case that the defendant warranted the seed sold to plaintiff to be orange sorghum seed and seeded ribbon cane seed, and that the plaintiff, in reliance on said warranty, bought and planted said seed and cultivated the crop raised therefrom, and, if you further find that the seed sold to plaintiff was not orange sorghum seed and seeded ribbon cane seed and was unfit for growing cane to make molasses, you are told that the plaintiff is entitled to recover from defendant a sum equal to the value of the crop at maturity which would have been raised from orange sorghum seed and seeded ribbon cane seed less the value of the crop actually raised and the cost of cutting the same and having it made into molasses."

"No. 3.   You are instructed that a sale of seed by name raises an implied warranty that it is true to name; and the fact, if a fact, that the buyer did not inspect the seed before purchasing is immaterial where its character, if shown, cannot ordinarily be ascertained by reasonable inspection."

It appears that instruction numbered 1 was drawn to conform to the law as declared in the case of *Earle* v. *Boyer,* 172 Ark. 534, 289 S. W. 490, whereas instruction numbered 3 appears to be based upon the case of *Kefauver* v. *Price,* 136 Ark. 342, 206 S. W. 664.

It·is insisted that the plaintiff should have been required to recover, if at all, upon either an express or an implied warranty, and that it was error to submit the question whether, if there was an express warranty, there may not also have been an implied one, for the reason that there could not be both an express and an implied warranty.

It was held in the case of *Earle* v. *Boyer, supra,* that an express warranty in a sale of seed excludes an implied warranty, but it was said in that case that the allegations of the complaint were broad enough to support a recovery upon either an express or an implied warranty.

In the later case of *Reed* v. *Rea-Patterson Milling Co., ante* p. 595, it was said: "Appellants cannot therefore base their action on implied warranty. The only warranty attempted to be proved was an express one, as already stated, and, of course, there could not be both an express warranty and an implied warranty of fitness or satisfaction in the sale of the flour. 'The reason is,' said this court in *J. S. Elder Grocery Co.* v. *Applegate,* 151 Ark. 565, 237 S. W. 92, 'that, if there was an express warranty upon this subject, it would govern as being the contract between the parties. There would be no room for an implied warranty if there was an express warranty on the same subject.'"

We are of opinion that no error was committed in giving these instructions, when the testimony in the case is reviewed. Plaintiff testified that he told defendant he wanted "seeded ribbon cane" and "orange cane," and the defendant said he had it. Plaintiff was accompanied to defendant's place of business by one McKinney, who examined the seed and expressed the opinion that they appeared to be mixed, and defendant's salesman spoke up and said, "No, they ain't." Plaintiff did not examine the seed, as he did not have his glasses and could not see without them. Plaintiff testified that, when the seed came up, there was cane of several kinds, maize, Kaffir corn, and Egyptian wheat, and "some other stuff I could not pronounce, a various mixture of various kinds."

The testimony of the defendant was to the effect that there was no representation as to the kind or quality of the seed, and that they were bought after inspection by the plaintiff and the plaintiff's friend who accompanied him.

Under these conflicts in the testimony, there was no error in giving the instructions set out above. The first instruction declared the law of a case where the seller had warranted the seed sold to be orange sorghum seed and seed ribbon cane and suitable for raising sorghum cane for making molasses. If there was such an express warranty, and breach thereof, the plaintiff would be entitled to recover upon that theory. It is also the law that, if planting seed be sold by a name known to the trade, there is an implied warranty that seed so sold are true to the name. The instruction numbered 3 not only presents this view of the law, but declares the law as favorably as defendant could ask in regard to inspection, this statement being to the effect that the purchaser's right to recover is not to be defeated by a failure to inspect if the character of the seed could not be ascertained by reasonable inspection.

These conflicts arose in the testimony of the different witnesses called in the case, and are concluded by the verdict of the jury in the plaintiff's favor.

The law appears to have been correctly declared as applicable to the different theories of the case; and, as there is sufficient testimony to support the verdict, it must be affirmed, and it is so ordered.