EARLE v. BOYER.

Opinion delivered January 10, 1927.

1. SALES—CONSTRUCTION OF COMPLAINT.—A complaint alleging that defendants sold to plaintiff cane seed represented to be a certain variety of sorghum suitable for making molasses, and that it proved not to be of that variety, and to be worthless for making molasses, *held* to support recovery on either an express or an implied warranty.

2. SALES—WARRANTY—INSTRUCTION.—An instruction that if defendants sold seed warranted to be of a certain variety, and plaintiff, relying upon such warranty, bought and planted the seed, which was not of that variety and was unfit for the purpose wanted, plaintiff could recover, was not erroneous in failing to charge that the plaintiff must have relied solely on such warranty and not on an inspection, where plaintiff testified that he made no inspection.

3. TRIAL—INSTRUCTIONS—CONSTRUCTION AS A WHOLE.—An instruction by which the jury were told that defendants would be liable for a breach of warranty in the sale of seed represented to be of a certain variety was not open to the objection that it failed to tell the jury that, before he could recover, it must appear that he relied on such representation and not on his own inspection of the seed, where another instruction given correctly presented that theory of the defense.

4. SALES—BREACH OF CONTRACT—DAMAGES.—The measure of damages for breach of warranty in the sale of cane seed suitable for making molasses, *held* to be the value of a crop at maturity which would have been raised from the seed contracted for, less the value of the crop actually raised and the cost of growing the same and having it made into molasses.

5. SALES—WARRANTIES.—An express warranty in the sale of seed excludes an implied warranty.

6. TRIAL—APPLICATION OF INSTRUCTIONS.—Where the allegations of the complaint and the testimony were broad enough to sustain recovery for breach of either an express or an implied warranty, it was not error to instruct upon both theories of the case.

Appeal from Clark Circuit Court; *James H. McCollum,* Judge; affirmed.

*Hardage & Wilson,* for appellant.

*John H. Crawford* and *Dwight H. Crawford,* for appellee.

HUMPHREYS, J. This suit was instituted in the circuit court of Clark County by appellee against appellant to recover damages in the sum of $225 on account of a sale and purchase of ''Japanese Seeded'' cane seed, intended to grow cane for making molasses, which proved worthless for that purpose. It was alleged in the complaint that appellants sold appellee seed which they represented to be a variety of sorghum known as ''Japanese Seeded,'' suitable for making molasses; that appellee purchased said seed to grow cane to make a crop of molasses, and that appellants knew appellee's purpose in buying the seed at the time of the sale; that said seed was not ''Japanese Seeded'' sorghum seed, but was seed of a variety of plant without juice, and worthless for making molasses.

Appellants filed an answer, denying *seriatim* the allegations in the complaint.

The cause was submitted to a jury upon the pleadings, the testimony adduced by the respective parties, and the instructions of the court, which resulted in a verdict and consequent judgment in the sum of $100 against appellants, from which is this appeal.

It will be observed that the allegations in the complaint were broad enough to support a recovery either upon an express or implied warranty.

The testimony introduced by appellee tended to support the allegations of his complaint, and that introduced by appellants tended to disprove each and every material allegation in the complaint.

Appellants' first contention for a reversal of the judgment is that the court erred in giving instruction number one, which is as follows:

"If you find from a preponderance of the evidence that the defendants warranted the seed sold to plaintiff to be Japanese Seeded cane seed, and that the plaintiff, in reliance on said warranty, bought and planted said seed and cultivated the crop raised therefrom; and if you further find that the seed sold to plaintiff was not Japanese Seeded cane seed and was unfit for growing cane to make molasses, you are told that the plaintiff is entitled to recover from defendants a sum equal to the value of a crop at maturity which would have been raised from Japanese Seeded cane seed, less the value of the crop actually raised and the cost of cutting the same and having it made into molasses."

The first attack made upon the instruction is that it failed to tell the jury that, before appellee could recover, he must have relied solely upon appellants' alleged warranty. This instruction related to the alleged express warranty upon which appellee sought a recovery. It did not tell the jury, in so many words, that, before appellee could recover, he must have relied solely on the representation of appellants and not on inspection; but appellee testified that he made no inspection, so this instruc-

tion properly presented appellee's theory of his right to recover upon an express warranty, if the jury believed his testimony. It is true that the testimony offered by appellants tended to show that appellee made an inspection of the seed before purchasing same, but this point was taken care of by appellants' third request, given by the court, which is as follows:

"If you should believe from the evidence that plaintiff inspected said seed before he bought them, and bought them on his own belief, formed from inspection, that they were Japanese Ribbon cane seed, then your verdict will be for defendants."

Appellants are not in a position to assail instruction number one because it did not contain their theory in the case, when their theory was clearly and correctly submitted to the jury in a separate instruction given at their own request.

The second and last attack made upon instruction number one is that it did not specifically set out what items of expense were to be deducted from the value of a crop raised from Japanese Seeded cane seed. The instruction told the jury that, if they found for appellee, they should deduct from the value of such a crop the cost of growing same and having it made into molasses. This was a correct general measure of damages applicable to the case. The testimony in the case reflected the various items of expense necessary to produce and harvest a crop of molasses, and there is nothing in the verdict and judgment to indicate that appellants did not receive the benefit of all the necessary items incident to producing a crop of molasses.

Appellants' next and last contention for a reversal of the judgment is that the court erred in instructing the jury upon the law of an implied warranty. The objection is that there is no room for an implied warranty if there was an express warranty in the case. This contention would be sound if the undisputed testimony in the case had shown that there was an express warranty, but both the allegations and the testimony were broad

enough to sustain a recovery upon either an express or implied warranty, so a declaration of law in separate instructions upon both an express and implied warranty did not produce a conflict between the instructions. The instructions were upon different phases of the law, the first being applicable if the jury should find that appellants expressly warranted the seed to appellee, and second, applicable in case the jury should find that appellants sold "Japanese seeded" seed cane to appellee with the knowledge that he purchased same for the purpose of making a crop of sorghum molasses.

No error appearing, the judgment is affirmed.