CARLE *v.* AVERY POWER MACHINERY COMPANY.

No. 4—2465.

Opinion delivered May 16, 1932.

800

*Leach & Elms,* for appellant.

*John W. Moncrief* and *A. G. Meehan,* for appellee.

HART, C. J., (after stating the facts). The warranty clause relied upon by the defendant is in writing and is set out in our statement of facts. It provides that, if within six days from the first starting of the machine, the purchaser is not satisfied that the machine can be made to operate and do work as well as any other machine of the same size, the purchaser shall notify the company by registered mail or telegram addressed to the Avery Power Manufacturing Company of Peoria, Illinois, clearly specifying his complaint, and the pur-

chaser shall forthwith discontinue the use thereof pending the remedying of such claimed defect.

Thus, it will be seen that the warranty was conditioned upon giving the notice of the defect within a specified length of time. The agreement of warranty, being in writing, is controlled by the language used. It has been held by this court that contracts of this sort are lawful and must be enforced as they have been made by the parties, and the test must be made within the time specified, and the notice given according to the terms of the agreement. The condition that notice of defects must be given within a specified time is imperative; and if the buyer does not show a compliance therewith, he cannot enforce it against the seller. Where a purchaser of machinery has agreed that, if it proves defective, he will give notice thereof to the seller within a specified time, he will not be entitled to resist payment of the purchase money on account of imperfections of it if he did not give notice. *Southern Engine & Boiler Works* v. *Globe Cooperage & Lumber Company,* 98 Ark. 482, 136 S. W. 928; *Heer Engine Company* v. *Papan,* 142 Ark. 171, 218 S. W. 202; and *Thomas* v. *Schaad,* 170 Ark. 797, 281 S. W. 10.

It is claimed by the defendant, however, that the agreement to give them notice was waived by the seller. Of course, it was within the power of the seller, under a contract containing warranties and conditions, to waive any or all the conditions, including a requirement that the purchaser give notice of defects within a stipulated time. We do not think, however, that this principle of law has any application under the facts of this case. The only thing to base it upon is the testimony of the defendant to the effect that Hunt, the salesman, came out to his place where the machinery was being operated day after day in an effort to adjust the machine and see that it would work properly. Hunt finally told him that he did not know what to do, and it then became the duty of the defendant to give the notice required by the con-

tract of warranty. He knew that Hunt was only endeavoring to see that the machine was installed properly, and there is nothing in the conduct of the parties to show that Hunt was endeavoring to remedy any defect in the machine or to do anything else but to properly install it. The defendant continued to use the machine during the remainder of the fall of 1929 and never even made any demand upon the dealer at Stuttgart through whom he purchased it to remedy the defect. He did not attempt to give notice at the factory as required by the contract of warranty. He continued to use the machine during the season of 1930. Under these circumstances, we do not think that there was any waiver of notice on the part of the seller, and the contract between the parties must be enforced according to its terms.

The parties were competent to contract and must be bound by the language used by them. There is nothing to show that the seller had any knowledge that Hunt was trying to remedy any defect in the machinery or that he was attempting to waive any of the conditions of the contract. It only appears that he was trying to properly install the machinery and get it ready to operate. It then became the duty of the defendant to give the notice as required by the contract, or he must be deemed to have accepted the machine.

Therefore we are of the opinion that the decree of the chancery court was correct, and it will be affirmed.