Sidney A. Fine, J.
The defendant admits that the merchandise manufactured by it contained defective elastic but claims that it followed the specifications furnished by plaintiff. The written contract between the parties, contained in defendant’s counteroffer of February 8, 1955, accepted in writing by plaintiff, specified that the quality of manufacture was to be “ first class ” and that the merchandise was to be “ as per your [plaintiff’s] sample ”. Defendant’s president admitted that the sample submitted was a 11 Playtex Dress-Eez pant”. Defendant claims that its merchandise conformed to a sample initialled by the parties on March 23, 1956, in connection with *923 a new agreement between them, but it does not state that said sample was the same as the one referred to in the February 8, 1955 contract. By March 23, 1956 the merchandise involved in this action had already been shipped. Defendant also states that it has been making pants of the same type as the sample initialled on March 23, 1956 as early as January 9, 1956 but it does not show that plaintiff approved the merchandise prior to the shipments, as conforming to the February 8, 1955 agreement.
Since there is no triable issue as to the defective quality of the merchandise shipped by defendant, plaintiff would be entitled to strike out that part of the.answer which is addressed to plaintiff’s cause of action, were it not for the failure of the complaint to allege compliance with section 130 of the Personal Property Law. The complaint being, therefore, insufficient (Regina Co. v. Gately Furniture Co., 171 App. Div. 817, 820, 821), the motion for judgment in plaintiff’s favor must be denied (Friedman v. Bachmann, 234 App. Div. 267, 269; Anderson v. City of New York, 281 App. Div. 539, 540; Tauber v. National Sur. Co., 219 App. Div. 253, 255). This is all the more true in view of the failure of the affidavits submitted in support of the motion to show compliance with section 130. The application for judgment on plaintiff’s cause of action is, accordingly, denied, with leave to serve an amended complaint within 10 days from service of a copy of this order with notice of entry, and with leave to renew the application after joinder of issue on the amended complaint.
To the extent that plaintiff moves to have the counterclaim stricken from the answer, the motion is, however, granted. The counterclaim is insufficient on its face, for it fails to allege that the merchandise in respect to which defendant reserved the right to sue (if it was unable to effect a sale thereof),! complied with the contract between the parties. If it did not, the defendant is not entitled to a return of the amount credited to plaintiff under the settlement agreement of June 6, 1956. The answering affidavit, submitted in support of the counterclaim, suffers from the same deficiency. There is nothing in that affidavit to show that the “ allegedly defective merchandise ” for which plaintiff received a credit of $2,362 under the settlement agreement, complied with defendant’s obligations or warranties. The merchandise involved in the counterclaim is not stated to be the same as that involved in the complaint. The contrary appears to be the fact, for the complaint is predicated upon shipments for which no credit seems to have been given by defendant. In order to recover upon its *924 counterclaim, defendant must show not merely that it had reserved the right to sue, if it did not succeed in selling the allegedly defective merchandise, but also that plaintiff was not entitled to return the merchandise. This it has failed to do. Furthermore, the papers before the court establish a release of any claim defendant might have against plaintiff, in view of defendant’s acceptance of plaintiff’s check for $2,258.88, in final payment and satisfaction of all claims. There is no showing that the $2,258.88 was concededly due to defendant in any event, and defendant is, therefore, bound by the conditions attached to the offer of the check.
Settle order.