UNITED INTERCHANGE, INC. *v.* ROWE.

5-1905                                            327 S. W. 2d 547

Opinion delivered September 28, 1959.

*R. Scott Campbell,* for appellant.

No brief filed for appellee.

J. SEABORN HOLT, Associate Justice.   The record in this case shows that appellant, United Interchange, Inc., on January 14, 1958, filed the following complaint in the Garland County Circuit Court: "Comes United Interchange, Inc., plaintiff, herein, and for his cause of action against the defendant, L. V. Rowe, states: Plaintiff is a corporation, organized and existing under the laws of the State of Texas.   On the 23rd day of December, 1955, plaintiff and defendant entered into a con-

tract whereby defendant was to advertise for sale the Rowe Clinic for an agreed consideration of $275.00; that plaintiff fully performed said contract by publishing the advertisement as per the terms of the contract; that defendant neglects and refuses to pay the plaintiff the sum of $275.00 due under the terms of the contract despite demands. Wherefore, premises c o n s i d e r e d plaintiff prays judgment against defendant for the sum of $275.00, for its costs herein expended and all other proper relief." January 28, 1958, this complaint was amended to make a part thereof the contract referred to in the complaint, which contract recites: "To: United Interchange, Inc., 4232 Herschel Ave., Dallas, Texas     Date—Dec. 23, 1955     Gentlemen:     Rowe Clinic, 407 Ouachita Ave., Hot Springs, Ark.     I authorize you to advertise the sale of the above business or property and for that purpose reserve space as follows:     You are to place the sales information on my business or property in the hands of hundreds of brokers throughout the nation by publication in the next issue of the U. I. Brokers Bulletin.     You are also to advertise the sale of my business or property directly to potential buyers throughout the nation by publication of a 1/8 page advertisement in the next issue of the U. I. Buyers Digest.     For this reserved space, I will pay you the sum of $275.00 at Dallas in Dallas County, Texas, three (3) months from the date of your acceptance of this advertising agreement, unless I enter into an agreement to sell my business or property prior to that time, in which event this sum shall become immediately due and payable.     If I default in payment and you commence legal action for collection, I agree to pay reasonable attorney's fees and court costs in such action. All the terms of this agreement are specifically set forth herein. Please use the information furnished by me on the accompanying date sheet in preparing advertising for me. This agreement shall become effective only when accepted by your office in Dallas, Texas.     You shall notify me of such acceptance by letter. I acknowledge receipt of a copy of this advertising agreement.     /s/     Dr. L. V. Rowe (Advertiser)     Advertising Agreement

Accepted at Dallas, Texas, Dec. 30, 1955   for: UNIT INTERCHANGE, INC.    by: /s/ C. Gordon''

Thereafter, appellee, Rowe, filed the following Motion To Dismiss: ''Comes now the Defendant, Dr. L. V. Rowe, also variously known as L. V. Rowe and L. V. Rowe, D. C., doing business as ROWE CLINIC and ROWE CHIROPRACTIC CLINIC, and respectfully moves the court to dismiss the complaint herein for the following reasons: (1) The Contract upon which this suit is brought is illegal, and therefore, unenforceable. A copy of said contract being attached hereto and made a part hereof as fully as though set out word for word herein. (2) The Contract in question is unenforceable because the Plaintiff herein is a foreign corporation, namely licensed to do business under the laws of the State of Texas and is not licensed to do business in the State of Arkansas. (3) The Contract is unenforceable because the Plaintiff is not a licensed real estate broker in the State of Arkansas and is attempting to effect the sale of real estate in the State of Arkansas without being licensed therefor. WHEREFORE, movant prays for the foregoing reasons that this Court dismiss the Complaint herein, and, that he have his costs and any and all other relief to which he may be entitled. /s/ L. V. Rowe   By:   /s/   B. W. Thomas''

On December 15, 1958, the Circuit Court granted appellee's motion to dismiss on the sole ground that appellant, ''United Interchange, Inc., was in fact acting as a real estate broker without having been licensed to do business in the State of Arkansas, and by reason thereof, the Court does hereby sustain Defendant's Motion to Dismiss.''

Appellee filed no answer. The only evidence in this case was a stipulation by counsel of the respective parties, during the hearing on the above motion to dismiss, that United Interchange, Inc., a foreign corporation was not licensed to do business in Arkansas.

The Motion to Dismiss here is, in effect, a demurrer and we so treat it. ''A 'motion to dismiss' is in fact a demurrer to the complaint and reply, in the con-

sideration of which the pleadings alone are involved.'' *Hosler* v. *Ireland,* C. C. A. Colo., 219 F. 489, 491, and *Nikola* v. *Campus Towers Apartment Bldg., Corporation,* 303 Ill. App. 516. ''* * * a demurrer to a complaint admits the truth of the allegations, and all reasonable inferences which can be drawn therefrom. *Life & Casualty Ins. Co. of Tenn.* v. *Ford,* 172 Ark. 1098, 292 S. W. 389. It is also true that a demurrer admits only those facts which are well pleaded. *Ready* v. *Ozan Investment Co., ante.* p. 506, and cases there cited It does not admit conclusions of law * * *'' *Herndon* v. *Gregory,* 190 Ark. 702, 81 S. W. 2d 849. We have concluded that appellant's contention that, ''The Circuit Court did not have sufficient evidence before it on which to base its judgment'' must be sustained.

Both the complaint and contract recite that the parties have entered into an advertising agreement. Appellee has offered no evidence to show that the relationship between him and appellant was that of a client and a real estate broker. There is no evidence that appellant entered into the negotiations for the sale of real estate. As far as the record shows, neither the appellant nor any of its employees have ever been in the State of Arkansas.

Accordingly, the judgment is reversed and the cause remanded.