L. A. Green Seed Company of Arkansas v.
Moses Williams

5-4859                                     438 S.W. 2d 717

Opinion Delivered March 24, 1969

464

*Arnold, Hamilton & Streetman* for appellant.

*Paul K. Roberts* for appellee.

FRANK HOLT, Justice.   Appellee is a commercial grower of tomatoes and appellant is a distributor and seller of tomato seed.   Appellee brought this action to recover damages for breach of warranty by appellant in the sale of tomato seed.   When the trial court overruled appellant's demurrer to appellee's complaint, as amended, the appellant refused to plead further. Thereupon the trial court, sitting as a jury, proceeded to award damages to the appellee, after taking evidence upon this issue.

The appellant first contends that it was error for the trial court to overrule its demurrer to the complaint as amended.   This contention is based upon the premise that appellee did not purchase a product sold by the appellant.   In his complaint appellee asserts that appellant packaged, labeled and sold tomato seed as "Green's Pink Shipper" variety, knowing the seed would be purchased by the public to raise and sell "Pink Shipper Tomatoes" for a profit; that this seed was so represented and sold to Brown Seed Store, which retailer then so represented and sold the seed to Guy Jones (who is engaged in the business of growing tomato seedlings and selling the plants to commercial

tomato growers); that appellee purchased, from Jones, plants grown from this particular seed, transplanted and raised them "in accordance with accepted standards of farming" on three-fourths of an acre of his farm; that appellant represented and warranted the seed from which the tomato plants were grown as being "Green's Pink Shipper" tomato seed, when, in fact, it was some unknown variety of tomato seed which produced an inferior tomato; that appellant expressly and impliedly warranted to appellee, through Brown and Jones, that its product was "Pink Shipper" variety of merchantable quality and fit for intended purposes; and that because of breach of warranty, the appellee was unable to market his tomatoes which spoiled in the field, resulting in a crop loss of $900 caused by the alleged breach of warranty.

In testing the sufficiency of a complaint against a general demurrer, all well pleaded allegations and all inferences that can be reasonably drawn therefrom are admitted to be true. *United Interchange, Inc.* v. *Rowe,* 230 Ark. 905, 327 S.W. 2d 547 (1959). Every reasonable intendment and presumption is to be made in favor of the complaint and a general demurrer should be overruled if the facts stated, together with every reasonable inference, constitute a cause of action. *Donham, Commissioner* v. *Neely Co.,* 235 Ark. 710, 361 S.W. 2d 650 (1962); *U. S. F. & G. Co.* v. *Moore,* 233 Ark. 703, 346 S.W. 2d 524 (1961).

A cause of action exists, based upon a breach of warranty, where one sells seed to an immediate purchaser upon a misrepresentation of a certain variety and fitness, and the purchaser, who relied upon the warranty, is entitled to recover damages from the seller for the breach of warranty. *Earle* v. *Boyer,* 172 Ark. 534, 289 S.W. 490 (1927). And the same is true where inferior plants are sold and the purchaser relies upon a warranty of fitness. *Smeltzer* v. *Tippin,* 109 Ark. 275, 160 S.W. 221 (1913).

Appellant, however, argues that appellee's cause of action, if any, is against the seller of the tomato plants and cannot reach the appellant because it sold appellee nothing. Appellant contends that it has made no warranty, express or implied, with respect to the tomato plants purchased by appellee and that its warranty, with respect to the seed, does not extend to and reach appellee, a remote purchaser, because appellee is a purchaser of the tomato plant and not the seed which was distributed by the appellant. We think appellant's argument is without merit.

The defense or shield of lack of privity is now removed where an action is brought against a seller of goods to recover damages for breach of warranty. Ark. Stat. Ann. § 85-2-318.1 (Supp. 1967). That statute reads:

"The lack of privity between plaintiff and defendant shall be no defense in any action brought against the manufacturer or seller of goods to recover damages for breach of warranty, express or implied, or for negligence, although the plaintiff did not purchase the goods from the defendant, if the plaintiff was a person whom the manufacturer or seller might reasonably have expected to use, consume, or be affected by the goods."

Plainly, a seller of tomato seed might reasonably expect a commercial grower of tomatoes (as appellee in the case at bar) to use or be affected by the seeds distributed and sold on the market by the seller. The appellee is an integral part of the distributive chain for production purposes.

According to the allegations, which are admitted as being true, appellee purchased tomato plants and raised tomatoes from plants which were grown from the very seed distributed, warranted and sold by appellant as "Green's Pink Shipper" variety, when, in fact, the

seed was of an inferior and unknown variety. To be sure, the seed changed in natural form into plants after appellant placed it into channels of commerce. Yet, such transformation was an expected result by the laws of nature and not by the hand of man. We hold that when a seller of tomato seed warrants it to be of particular fitness and variety, the warranty extends in the distributive chain to a purchaser of tomato plants which are grown from the seed for commercial purposes.

Appellant next asserts that the complaint is defective because it does not contain an allegation of notice to the appellant with respect to the claimed breach of warranty. This contention is based upon Ark. Stat. Ann. § 85-2-607(3)(a) (Add. 1961) which requires a buyer to give notice of a breach of warranty to the seller within a reasonable time after the buyer discovers, or should have discovered, the alleged breach. We must agree with the appellant that the appellee's complaint is subject to a demurrer since it does not contain an allegation of notice.

The issue of allegation of notice, under this section, seems to be one of first impression in our state. However, it appears that in jurisdictions which have had occasion to interpret this section, the giving of notice must be pleaded as a condition precedent to recovery. See *Avant Garde, Inc.* v. *Armtex, Inc.*, 4 UCC Rep. Serv. 949 (1967), a decision of a New York Supreme Court; *Nolowka* v. *York Farm Bureau Coop. Assn.*, 2 UCC Rep. Serv. 445 (1963), a decision by a Pennsylvania trial court. In *Avant Garde* the court said: * * * While plaintiff alleges unfitness, there is no allegation of notice of defect given within a reasonable time or at any time (Uniform Commercial Code, § 2-607[3][a])." The court held the complaint failed to state a cause of action for failure to allege notice. The pleading of notice was required in *United States* v. *American Radiator & Stan. San. Corp.*, 115 F. Supp. 422 (Dist. Ct. Minn. 1953) in an action for breach of

implied warranty brought by the United States against suppliers of a subcontractor on a construction project. Further, this requirement appears to be the majority view under the Uniform Sales Act, or where there is a statutory requirement of notice. *Smith* v. *Pizitz of Bessemer, Inc.,* 122 So. 2d 591 (Ala. 1960). There the court said:

> "* * * it appears that a majority of the American courts which have considered the problem have held the notice requirement applicable in a case of the nature now before this court and that such notice should be alleged in the complaint as a condition precedent to recovery. [citing cases]"

See, also, *Maxwell Co.* v. *Southern Oregon Gas Corp.,* 158 Ore. 168, 74 P. 2d 594, 114 A.L.R. 697 (1937); *Mawhinney* v. *Jensen,* 120 Utah 142, 232 P. 2d 769 (1951); *Sweetheart Baby Needs* v. *Texilon Co.,* 166 N.Y.S. 2d 838 (1957); *Hellenbrand* v. *Bowar,* 16 Wis. 2d 264, 114 N.W. 2d 418 (1962); *Nekuda* v. *Allis-Chalmers Mfg. Co.,* 175 Neb. 396, 121 N.W. 2d 819 (1963); *Salecki* v. *Coca Cola Bottling Co. of Hartford,* 20 Conn. Supp. 143, 127 A. 2d 497 (1956); *Title Ins. & Trust Co.* v. *Affiliated Gas Equipment,* 12 Cal. Rptr. 729 (1961); *Faucette* v. *Lucky Stores, Inc.,* 33 Cal. Rptr. 215 (1963).

The Committee Comment following § 85-2-607 reflects that it also intended that notice be a condition precedent to any recovery since it refers to the notice as the "notification which saves the buyer's rights." The purpose of the statutory requirement of notice to the seller of breach of warranty is to enable the seller to minimize damages in some manner, such as correcting the defect, and also to give the seller some immunity against stale claims. Of course, the sufficiency of notice and what is considered to be a reasonable time within which to give notice of breach of warranty are ordinarily questions of fact for the jury, based upon the circumstances in each case. See Committee Com-

ment, UCC § 85-2-607 and Uniform Laws, Annotated (UCC) § 2-607.

The appellee relies upon *Donham, Commissioner* v. *Neely Co., supra,* where we said that a complaint was not fatally defective because it did not specifically allege that a taxpayer had complied with certain rules and regulations of our statutes and that any noncompliance was a question of fact and an affirmative defense which could be raised by proper plea or answer. We do not consider this case applicable. The case at bar is a breach of warranty action. We have held, in an action based upon a breach of warranty, that where a notice of defect is required, it is necessary for a buyer to allege and prove, as a condition precedent to a recovery, that there was compliance with the requirement of notice. *Williams* v. *Newkirk,* 121 Ark. 439, 181 S.W. 304 (1915). See, also, *Carle* v. *Avery Power Machinery Co.,* 185 Ark. 799, 49 S.W. 2d 599 (1932).

We hold that the giving of reasonable notice is a condition precedent to recovery in this action and that the giving of notice must be alleged in the complaint in order to state a cause of action.

Next appellant argues that the damages [$746.16] allowed to the appellee by the court, sitting as a jury, are excessive and unwarranted by the evidence. We do not agree. Inasmuch as we find it necessary to reverse this case for failure to allege notice of breach of warranty, we deem it unnecessary to discuss this point. However, we think it proper to observe that Ark. Stat. Ann. §§ 85-2-714 and 85-2-715 provide for the recovery of damages, including consequential damages, resulting from a seller's breach of warranty. In a Committee Comment on our Uniform Commercial Code (§ 85-2-715) we find:

> "4. The burden of proving the extent of loss incurred by way of consequential damage is on the

buyer, but the section on liberal administration of remedies rejects any doctrine of certainty which requires almost mathematical precision in the proof of loss. Loss may be determined in any manner which is reasonable under the circumstances.''

The judgment is reversed and the cause remanded with the right of the appellee to amend his complaint to contain the allegation of notice. Otherwise, the demurrer will be sustained.

FOGLEMAN and JONES, JJ., concur.

JOHN A. FOGLEMAN, Justice. I concur. I agree with the result of that part of the majority opinion which holds that the complaint was not demurrable because appellee bought plants from Jones rather than the tomato seed sold by appellant. I would not base that holding on the statute eliminating lack of privity as a defense, however, nor would I hold that the warranty of fitness and variety extends to a remote purchaser of tomato plants which are grown from the seed for commercial purposes, as a matter of law.

I think, for example, that it is necessary that this remote purchaser buy the seed in reliance on the warranties. Under the liberal construction that we give pleadings in testing them on demurrer, I feel that the allegations are broad enough to suggest that appellant did rely on the warranties, and to raise a fact issue as to the extension of warranties.

The statute eliminating the defense of privity [Ark. Stat. Ann. § 85-2-318.1 (Supp. 1967)] is actually an amendment of the Uniform Commercial Code as adopted in Arkansas. It eliminates lack of privity as a defense by the manufacturer or seller of goods. The word ''goods'' is defined [Ark. Stat. Ann. § 85-2-105 (Add. 1961)] to mean all things which are movable at

the time of identification to the contract for sale other than money in which the price is to be paid, investment securities and things in action. While the definition also includes the unborn young of animals, and growing crops, it is not broad enough to include something changed in form from a seed to a plant.

Yet, I believe that the principles of the common law discussed in *Buckbee* v. *P. Hohenadel, Jr., Co.*, 224 F. 14, (7th Cir. 1915) would support appellee's cause of action here. It was held in that case that:

"Where seed is sold to a dealer under a warranty that it is of a special variety, and the dealer in turn sends it to a grower, the warranty is carried forward to the ultimate purchaser, if it appears that such understanding was part of the first sale, and the measure of damages for breach of warranty is the difference in market value between the crop produced and such crop as the specified variety of seed would have produced under like conditions." (Quoting syllabus.)

In so holding, the court used the following language:

"* * * The seller who gathers and packs the seed for sale is necessarily required to know its variety for the intended use by growers, and his warranty thereof, whether directly made to the grower or to the intermediate dealer for resale to growers, may justly render him chargeable for the damages suffered by the growers, when the circumstances of his sale authorize the inference that the warranty was to be thus carried forward to the growers. Indemnity for misrepresentations so carried forward is within the contemplation of his contract of sale to the dealer, and allowance thereof is not open to the objection of remote or speculative damages."

It would not be logical to say appellee had a cause of action against Jones that Jones might assert against Brown Seed Store and Brown Seed Store against appellant but that appellee could not recover from appellant. In effect, we avoided such a circuity of action in *Ford Motor Co.* v. *Tritt*, 244 Ark. 883, 430 S.W. 2d 778. I think that it should also be rejected under the facts in this case, but I do not think that the common law rule could be further extended in the distributive chain, that is, I do not believe that a supermarket or canning factory which purchased the tomatoes from appellee should be permitted to recover from appellant.

JONES, J., joins in this concurrence.