274 So.2d 621

## REDMAN INDUSTRIES

v.

**E. J. BINKEY, Individually, and trading and d/b/a Flamingo Trailer Sales and James Myrick.**

Civ. 24.

Court of Civil Appeals of Alabama.

March 14, 1973.

Harold Albritton, Andalusia, for appellant.

Tipler, Fuller & Barnes, Andalusia, for appellee James Myrick.

HOLMES, Judge.

This suit was originally filed in the Circuit Court of Covington County, Alabama, by one of the named appellees, James Myrick, against the other appellee, E. J. Binkey, individually, and trading and doing business as Flamingo Trailer Sales, and the appellant, Redman Industries, Inc., as joint defendants.

Plaintiff-Myrick later struck Redman Industries, Inc., as a defendant and proceeded against E. J. Binkey. The defendant-Binkey brought Redman Industries, Inc., back into the case by filing a third party complaint pursuant to Tit. 7, § 259(2), Code of Alabama 1940, against Redman Industries, Inc.

Plaintiff's original complaint, claiming $20,000 damages, consisted of two counts, one charging a breach of warranty that said mobile home was properly constructed and fit to live in and occupy as a home, and the second charging a breach of warranty that said mobile home was fit for the ordinary purposes for which said mobile home is used, to wit, to live in and occupy as a home.

The third party complaint alleged the purchase of said mobile home as a new unit from third party defendant, Redman Industries, Inc.; that Redman warranted said mobile home to be free from defects in material and workmanship under normal use to Binkey; and that if, in fact, said mobile home was not free from defects in material and workmanship as alleged in plaintiff's complaint, then any recovery which might be awarded against Binkey would be as a direct result of Redman furnishing a defective mobile home and would make Redman liable in this action and he claimed such damages as might be awarded plaintiff.

Defendant-Binkey and third party defendant-Redman, after their demurrers were overruled, plead in short by consent.

The jury returned verdicts in favor of the plaintiff-Myrick against the defendant-Binkey in the amount of $5,000 and against the third party defendant-Redman, in favor of defendant-Binkey in the same amount of $5,000, and judgments were entered thereon by the court.

Motions for a new trial by Binkey and by Redman were overruled and denied by the learned trial judge conditioned upon the filing by the plaintiff-Myrick and third party plaintiff-Binkey of remittiturs in the amount of $1,250, which remittiturs were filed.

From briefs this court discerns that defendant-Binkey paid judgment and does not join in this appeal. Third party defendant-Redman brings appeal, assigning some seven grounds of error.

Error is assigned to the court's overruling appellant's demurrer; four assignments of error relate to the trial court's refusal to grant appellant the affirmative charge as to the third party complaint; another assignment of error concerns the trial court's refusal to give a written requested charge relating to the requirement of notice; and, further, an assignment that the trial court erred in denying appellant's motion for a new trial, asserting in grounds to such motion that the verdict was contrary to the evidence and law in the case and against the great weight and preponderance of the evidence.

At the outset it should be established that the verdict and judgment rendered thereon against defendant-Binkey and in favor of original plaintiff-Myrick is not before this court on appeal and cannot be disturbed by this court.

The record reveals the following: Plaintiff-Myrick purchased a mobile home from defendant-Binkey, a retail mobile home dealer, in December of 1969. The mobile home had been manufactured sometime earlier by appellant-Redman and sold to the retailer. Binkey did not alter the mobile home in any way after receiving it from the manufacturer and prior to selling to the plaintiff-Myrick.

Binkey, the retailer, was not employed by the manufacturer, but was a retail dealer who had handled appellant manufacturer's products for a period of time and was familiar with and had read a certain warranty given by appellant manufacturer on its mobile homes. It was the customary procedure for the retailer, upon making a sale, to send a warranty card furnished by the manufacturer to the manufacturer for the buyer. It was also customary for the retail dealer to mention the manufacturer's warranty as a selling tool.

The written warranty provided:

"This home when purchased new is warranted by New Moon Homes Division of Redman Industries, Inc., (the 'Manufacturer') to the original retail purchaser to be free from defects in materials and workmanship under normal use and service for a period of twelve (12) months from the date of delivery or twenty-four (24) months from the date of manufacture, whichever is less. This warranty is limited solely to work performed and materials supplied by the Manufacturer, and does not include any work or materials by the dealer, the developer, or any other person. Manufacturer agrees within the warranty period to replace or repair without cost to purchaser any part or parts, returned to the nearest factory with transportation charges prepaid, which Manufacturer's examination shall disclose to have been defective. When it is impractical to send the defective part to the nearest factory, then Manufacturer shall have no liability for the labor cost involved in repairing or replacing any part of the home, and shall be liable solely for supplying the material necessary to replace or repair the defective part. Misuse, neglect, accident, failure to follow the instructions set forth in the Manufacturer's Instruction Sheet or any Option Instruction Sheet, or unauthorized repairs or alterations shall void this warranty. Furniture, not an integral part of the home, electrical appliances, furnace, water heater, air conditioner, and plumbing fixtures are not covered by this warranty as they are warranted by the individual manufacturers of each of them. "Manufacturer will not be liable for commitments or agreements made by any of its employees, agents, or dealers not in accordance with the above warranty. This warranty is expressly IN LIEU OF any other express or implied warranty, including any implied WARRANTY OF MERCHANTABILITY or FITNESS, and of any other obligation on the part of Manufacturer. Manufacturer shall

not be liable for consequential damages. "This warranty is not valid unless the accompanying Customer Warranty Card has been properly filled out and mailed to the New Moon Homes Division of Redman Industries, Inc. at the time of purchase."

The retailer-Binkey, in this instance, stated to purchaser-Myrick that he would stand behind the warranty because Redman stands behind their dealers.

The plaintiff lived in the mobile home without any trouble until September of 1970. It is not disputed that at this time the plaintiff started having trouble with the mobile home. The carpet was worn-out and was found in rolls and heaps pushed against the walls; a portion of the tar paper board under the trailer fell down, allowing insulation material to fall to the ground; the duct work for the central air conditioning unit located under the floor was gapped and water collected in the ducts; a compartment door was not flush fitting; and the drain for the air conditioner became plugged up several times.

The plaintiff reported the trouble to the retailer, but not to the manufacturer. The retailer did not discuss the trouble with the manufacturer initially. The retailer attempted to repair and remedy the problems, even obtaining the services of an out of town repairman.

On October 19, 1970, plaintiff's attorneys notified the retailer by letter that a claim for damages for breach of warranty was being made. A copy of this letter was sent to the manufacturer at the same time and shortly after the mailing of this letter, the manufacturer-Redman and dealer-Binkey had a discussion concerning the trailer in question. Approximately one week later the original suit was filed.

Appellant's Assignment of Error 6 relates to the trial court's refusal to give appellant's written requested Charge No. 5. This charge was to the effect that appellant-Redman Industries was entitled to notice from Binkey within a reasonable time after the discovery of any breaches of warranty.

Tit. 7A, § 2–607, Code of Alabama 1940, reads in pertinent part as follows:

"(3) Where a tender has been accepted (a) The buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy; . . ."

The transaction between Redman and Binkey was such as to require a compliance with Tit. 7A, § 2–607. See Tit. 7A, § 2–103(1) and § 2–104(1) and (3), Code of Alabama 1940.

The Supreme Court of Alabama, in Smith v. Pizitz of Bessemer, Inc., 271 Ala. 101, 122 So.2d 591, and this court, in Lindsey v. International Shoe Co., 45 Ala.App. 566, 233 So.2d 507, have characterized notice such as is required by Tit. 7A § 2–607, as a condition precedent to recovery.

The official comment following Tit. 7A, § 2–607, Code of Alabama 1940, also reflects an intention that notice be a condition precedent to any recovery since the comment refers to the notice as the "notification which saves the buyer's rights." See L. A. Green Seed Co. of Arkansas v. Williams, 246 Ark. 463, 438 S.W.2d 717.

The appellant, by his plea and by proof, attempted in part to rely on the lack of reasonable notice as a defense.

■ This court is mindful that what is reasonable, both as to the sufficiency and the time of notice of breach of warranty, is determinable according to the factual situation presented in each individual case and, further, is ordinarily a question for the jury. See Dailey v. Holiday Dist. Corp., 260 Iowa 859, 151 N.W.2d 477.

■ In this instance, we believe that the able trial court's refusal to give the requested charge concerning notice requires the case to be reversed, particularly in

view of the court's oral charge which makes no mention of notice. In other words, the jury was in no way instructed as to the requirement of notice, and while it may well have been that the notice given in this case was reasonable and the jury could have so found, the appellant-Redman Industries was entitled in this instance to have the jury instructed as to notice. We are further mindful of Supreme Court Rule 45, but cannot hold that, in this instance, a substantial injustice could not have resulted.

The distinguished trial judge, Judge F. Murland Smith, in his oral charge, stated to the jury that this case was the first third party action trial in Covington County and this court can appreciate the difficulty in charging a jury in a third party action, particularly in a matter involving the Alabama Commercial Code. However, even "Homer nods."

While this case is due to be reversed and remanded for the aforementioned reasons, certain other contentions of appellant are hereinafter discussed for such benefit as may be indicated.

Appellant contends that the third party complaint is one stating a cause of action for the breach of an express warranty; that this express warranty allegedly contained in the third party complaint excluded implied warranties of merchantability and fitness; and that the third party defendant, in this instance, has wrongly been held liable for damages for breach of implied warranties of merchantability and fitness.

The third party complaint alleges the purchase of a mobile home by the dealer defendant third party plaintiff from manufacturer third party defendant; that third party defendant warranted said mobile home to be free from defects in material and workmanship under normal use; and that said mobile home was not free from defects in material and workmanship.

The complaint, to this court, does not allege breach of an express warranty, but does allege the existence of an implied warranty of merchantable quality and a breach thereof.

The law implies a warranty of merchantable quality from a sale. Vinyard v. Duck, 278 Ala. 687, 180 So.2d 522; Tit. 7A, § 2–314(1), Code of Alabama 1940. The third party plaintiff clearly alleges such sales transaction as to make Tit. 7A, § 2–314(1) applicable.

The law also allows one to exclude or disclaim implied warranties of merchantability or fitness under certain conditions and/or situations. See Tit. 7A, § 2–316(2), Code of Alabama 1940; Tiger Motor Co. v. McMurtry, 284 Ala. 283, 224 So.2d 638. However, in the case at bar, this court does not believe the exclusions or disclaimers would be held applicable as it is believed the express warranty itself is inapplicable to the dealer.

The express warranty, as written by the manufacturer, extends to the "original retail purchaser" and this with other wording contained in the written warranty, undoubtedly is such as to speak in terms of the consumer buyer and by its very terms would not, in this instance, release or exclude the warranty liability of the manufacturer supplier to the dealer wholesale buyer.

Furthermore, contrary to certain contentions of the appellant, it is believed no inconsistencies under the evidence existed to negate the proposition that the third party complaint is based upon breach of an implied warranty of merchantability.

If the complaint does not allege an express warranty, the question as to whether there was an express or implied warranty which was relied upon by a plaintiff would depend upon the evidence. In this instance the evidence is sufficient to present a jury question as to whether the buyer relied upon an express or implied warranty. See Tit. 7A, § 2–317, Code of Alabama 1940; Van Antwerp-Aldridge Drug Co. v. Schwarz, 263 Ala. 207, 82 So.

2d 209; Bradford v. Moore Brothers Feed and Grocery, 268 Ala. 217, 105 So.2d 825.

For the reasons stated previously concerning the trial court's failure to instruct the jury as to notice, as requested, the judgment against appellant-Redman, third party defendant, is due to be reversed.

Reversed and remanded.

WRIGHT, P. J., and BRADLEY, J., concur.