570 P.2d 1305 (1977)
RICH'S RESTAURANT, INC., a Colorado Corporation, Plaintiff-Appellant,
v.
McFANN ENTERPRISES, INC., a Colorado Corporation, doing business under the name and style of Hy-Grade Meat Specialties Company, Defendant-Appellee.
No. 76-489.
Colorado Court of Appeals, Division II.
August 4, 1977.
Rehearing Denied September 1, 1977.
Certiorari Denied November 7, 1977.
Litvak & Karsh, Lawrence Litvak, Denver, for plaintiff-appellant.
Marranzino & Tinkler, Stephen E. Tinkler, Denver, for defendant-appellee.
RULAND, Judge.
Plaintiff, Rich's Restaurant, Inc., appeals from the trial court's judgment denying recovery from defendant, McFann Enterprises, Inc., for defendant's breach of warranty under a contract for the sale of goods. We reverse and remand the case for further proceedings.
The following facts were established in a trial to the court. From 1955 to 1970, plaintiff operated several restaurants in the *1306 Denver area and periodically purchased preproportioned hamburger patties from defendant. From approximately September 1968 to December 1970, boxes of the patties purchased from defendant weighed less than the amount for which plaintiff was charged and paid.
Section 4-2-607(3)(a), C.R.S. 1973, of the Uniform Commercial Code provides:
"The buyer must within a reasonable time after he discovers or should have discovered any breach, notify the seller of breach or be barred from any remedy. . .."
However, plaintiff made no complaint to defendant until commencement of this litigation in 1972, which was approximately two years after plaintiff ceased operation of the restaurants.
The trial court found that defendant had not complied with the contract in terms of the weight of meat delivered. However, the trial court noted the lack of evidence that plaintiff gave notice to defendant of the breach, determined that proof of notice was an essential element of plaintiff's case, and concluded that failure to notify defendant of the shortage within a reasonable time barred plaintiff's recovery. While the trial court found that the issue of notice had not been tried by implied consent of the parties pursuant to C.R.C.P. 15(b), it concluded that plaintiff's recovery was nevertheless barred for failure to prove an essential element of its case.
We agree with the trial court's conclusion that notice of breach of warranty is in the nature of a condition precedent to recovery, L. A. Green Seed Co. v. Williams, 246 Ark. 463, 438 S.W.2d 717 (1969), and that generally no remedy is available to the buyer unless notice is given. See Annot., 17 A.L.R.3d 1010. See also E. J. Scarry & Co. v. Paper Products Co., 122 Colo. 589, 224 P.2d 940 (1950) (construing the Uniform Sales Act). The basis for this requirement is to provide an opportunity for the seller to determine whether there is a shortage, to correct the defect, or to effect settlement through negotiation. MacGregor v. McReki, Inc., 30 Colo.App. 196, 494 P.2d 1297 (1970); L. A. Green Seed Co. v. Williams, supra. However, plaintiff contends that defendant waived proof of notice under the provisions of C.R.C.P. 9(c), as construed in Sullivan v. McCarthy, 136 Colo. 150, 314 P.2d 901 (1957). We agree.
C.R.C.P. 9(c) provides:
"In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of performance or occurrence shall be made specifically and with particularity, and when so made the party pleading the performance or occurrence shall establish on the trial the facts showing such performance or occurrence."
In the complaint, plaintiff alleged, inter alia, that "plaintiff has in all respects completed any and all conditions precedent to said agreement." Defendant denied this allegation without alleging how plaintiff had failed to perform.
In Sullivan the purchaser of goods sought recovery pursuant to the seller's guaranty, and alleged performance of all conditions precedent. The seller answered alleging that certain specific conditions were not performed, but did not include in the answer any reference to a condition precedent relied upon in the seller's appeal. In affirming a judgment for the purchaser, our Supreme Court stated:
"Rule 9(c) R.C.P. Colo. . . . permits a plaintiff to plead generally the performance of all conditions. If an adverse party denies the performance of any such conditions the rule requires that such denial `shall be made specifically and with particularity.' Thus specific issues are framed, and the plaintiff, while obligated to establish the performance of those conditions within the framed issues, is under no obligation to prove the performance of conditions other than those with reference to which defendant has specifically alleged failure to perform."
Defendant contends, however, that Sullivan is not dispositive because plaintiff *1307 failed to allege specifically the giving of notice and that such an allegation is necessary in order to state a cause of action. Defendant relies upon L. A. Green Seed Co. v. Williams, supra, as support for the foregoing proposition and asserts that since plaintiff failed to allege the giving of notice, defendant was under no obligation to raise that issue in its answer and that, therefore, the trial court's ruling was correct.
L. A. Green Seed Co. v. Williams, supra, lends no support to defendant's argument because the Arkansas Supreme Court in that case was determining the requirements for pleading a cause of action. Under the rules applicable in this jurisdiction, however, "we are no longer concerned with meeting technical requirements of theories of causes of actions," Bridges v. Ingram, 122 Colo. 501, 223 P.2d 1051 (1950); C.R. C.P. 8(a), those requirements having been superceded by claims for relief. See Rasmussen v. Freehling, 159 Colo. 414, 412 P.2d 217 (1966). Rather, the purpose of a complaint is to afford defendant reasonable notice of the nature of plaintiff's claim, Vance v. St. Charles Mesa Water Ass'n, 170 Colo. 313, 460 P.2d 782 (1969), and thus it is unnecessary to plead specifically that notice of breach was given. See Pritchard v. Liggett & Myers Tobacco Co., 134 F.Supp. 829 (W.D.Pa.1955). Under these circumstances, we conclude that the allegation that plaintiff performed all conditions precedent to the agreement required defendant specifically to allege plaintiff's failure to give the required notice in order to raise that issue for trial. Thus, the rule in Sullivan applies.
The judgment is reversed and the cause remanded to the trial court to hold such additional proceedings as it deems advisable to determine the amount of plaintiff's damages, and to enter judgment thereon.
SILVERSTEIN, C. J., and ENOCH, J., concur.