382 So.2d 1262 (1980)
GENERAL MATTERS, INC., d/b/a York Associates, Appellant,
v.
PARAMOUNT CANNING COMPANY, Garden Gold Foods, Inc., and Suncoast Canning Corporation, Appellees.
No. 79-588.
District Court of Appeal of Florida, Second District.
April 9, 1980.
Charlie Luckie, Jr. and John W. Campbell of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellant.
John W. Frost, II, and Charles W. Dodson of Holland & Knight, Bartow, for appellees.
*1263 SCHEB, Judge.
A grocery retailer destroyed a shipment of allegedly defective canned grapefruit sections which it had purchased from York Associates, a food broker. The grapefruit had been canned by Suncoast Cannery Corporation and distributed by Paramount Canning Company. Neither York nor the retailer gave Suncoast or Paramount any notice that the goods were defective prior to their destruction. York agreed to indemnify the retailer for its losses and then sued Paramount and obtained a judgment for damages.
Despite its failure to notify Paramount prior to destruction of the goods, can York recover damages from Paramount for breach of implied warranty of merchantability? We hold that York's failure to notify Paramount bars it from any remedy. We reverse the judgment for York entered by the trial court.
During 1974 Suncoast canned and stored 3500 cases of the grapefruit sections. In April 1976 Paramount's agent, Dingfelder, looking for canned grapefruit, contacted Suncoast. Suncoast's agent told Dingfelder of the grapefruit canned in 1974 explaining, however, that it was nearing two years old. Paramount purchased the lot and sold it to York shortly thereafter. York, in turn, sold the goods to Country Club Markets, a grocery retailer in Minnesota, without informing Country Club of the age of the goods.
After Country Club had sold 1,675 cases of the canned grapefruit in its supermarkets, some of the cans developed swells. After several customer complaints, the Minnesota Department of Agriculture determined that "the product should not be sold for human food."[1] At this point, Country Club, without notifying either Paramount or Suncoast, destroyed the remaining 1,825 cases. Country Club, the retailer, then billed York for its cost of the destroyed merchandise plus the cost of destruction. In response, York agreed to discount future purchases by Country Club until it had absorbed Country Club's losses.
York sued Paramount seeking damages for breach of implied warranty of merchantability alleging that the goods did not have a reasonable shelf life. Paramount filed a third-party complaint against Suncoast. Prior to trial Suncoast agreed to defend and indemnify Paramount in the action by York. Paramount, through Suncoast, answered and asserted that York was barred from recovery because neither it nor its purchaser, Country Club, notified Paramount of the alleged breach prior to destruction of the goods.
Following a nonjury trial the court entered judgment for York. It found that Paramount had breached its implied warranty to York as to those cans which were swollen at the time they were destroyed. Nevertheless, it limited York's recovery to the amount that York had actually given as a credit to Country Club at the time of trial because York had not joined Country Club as an indispensable party. The court further reduced that recovery since York had failed to notify Country Club of the age of the product, and because a percentage of the product was still marketable when Country Club destroyed it without notice.
On appeal York contends that the judgment should have compensated it for the full amount of its assumed obligation to Country Club. Paramount cross-appeals and argues that because neither Country Club nor York gave notice of the alleged breach until after destruction of the goods, York is barred from any remedy under Section 672.607(3)(a), Florida Statutes (1979) (U.C.C. § 2-607[3][a] [1972 version]).
We address the cross-appeal first because our disposition of it obviates discussion of the merits of York's appeal. Section 672.607(3)(a), Florida Statutes (1979), provides that "[t]he buyer must within a reasonable time after he discovers or should *1264 have discovered any breach notify the seller of breach or be barred from any remedy." This notice requirement is a valid precondition of imposing liability on a seller of goods.[2]Eastern Airlines, Inc. v. McDonnell Douglas Corp., 532 F.2d 957 (5th Cir.1976); see Dunham-Bush, Inc. v. Thermo-Air Service, Inc., 351 So.2d 351 (Fla. 4th DCA 1977); Redman Industries v. Binkey, 49 Ala.App. 595, 274 So.2d 621 (1973); L.A. Green Seed Co. of Arkansas v. Williams, 246 Ark. 463, 438 S.W.2d 717 (1969). Further, the burden is on the plaintiff to show that he gave the required notice within a reasonable time. Standard Alliance Industries, Inc. v. Black Clawson Co., 587 F.2d 813 (6th Cir.1978), cert. denied, 441 U.S. 923, 99 S.Ct. 2032, 60 L.Ed.2d 396 (1979); L.A. Green Seed Co. of Arkansas v. Williams, 246 Ark. 463, 438 S.W.2d 717 (1964). Here, the evidence disclosed that Country Club voluntarily destroyed the canned grapefruit in the latter part of July 1977. The first notice of the alleged breach to either Paramount or Suncoast was an August 1 letter from the president of York to Dingfelder of Paramount.
There are several important reasons for the notice requirement of Section 672.607(3)(a). The notice enables "the seller to make adjustments or replacements or to suggest opportunities for cure to the end of minimizing the buyer's loss and reducing the sellers' own liability to the buyer." The notice requirement also protects the seller's right to inspect the goods. J. White & R. Summers, Uniform Commercial Code § 11-9 at 344 (1972); see Note, Notice of Breach and the Uniform Commercial Code, 25 U.Fla.L.Rev. 520 (1973). Section 672.515, Florida Statutes (1979) (U.C.C. § 2-515 [1972 version]), which codifies the inspection rationale, provides that either party may inspect, test and sample the goods including those in the possession or control of the other for the purpose of ascertaining the facts and preserving the evidence. See Owen v. Sears, Roebuck & Co., 273 F.2d 140 (9th Cir.1959).[3]
York contends that notice after destruction of the goods constituted reasonable notice under Section 672.607(3)(a). It argues that notifying Paramount prior to destruction would have served no purpose since the Minnesota Department of Agriculture had stated that the food should not be sold for human consumption. We find York's argument unpersuasive. First, the Minnesota Department of Agriculture did not order destruction of the goods.[4] Moreover, while the findings of the Department were entitled to great weight, they were not conclusive, and Paramount was entitled to an opportunity to verify them. York's destruction of the goods prior to notifying Paramount prevented this and impeded any possible settlement of the controversy. It also impaired Paramount's ability to determine if the goods were, in fact, marketable and, consequently, hindered it in preparing its defense.[5]
Accordingly, York's failure to notify Paramount of the alleged breach prior to destruction ran counter to the purposes of Section 672.607(3)(a), Florida Statutes (1979), and barred York from any remedy for the alleged breach. Therefore, we vacate *1265 the judgment in favor of York Associates and direct the trial court to enter judgment in favor of Paramount Canning Company and Suncoast Cannery Corporation.
HOBSON, Acting C.J., and DANAHY, J., concur.
NOTES
[1] The Department found that 12.7% of the cans in its sample of five and one-half cases were puffed. Of eleven cans submitted for laboratory analysis, nine showed slight corrosion on the inside, two were moderately corroded, five contained flat spores and two contained carbon dioxide gas.
[2] We note that this suit does not involve the applicability of the notice provision when a consumer files a tort action. For a discussion of the applicability of the notice provision under those circumstances, see J. White & R. Summers Uniform Commercial Code § 11-9 at 345 (1972).
[3] Owen applied the notice provision of the Oregon Uniform Sales Act, Or. Rev. Stat. § 75.490. This section is identical to Section 672.607(3)(a), Florida Statutes (1979).
[4] There are cases where summary destruction of contaminated items may be required. See Conner v. Carlton, 223 So.2d 324 (Fla. 1969). This was not the case here, however, because the Department did not find that the canned goods, as such, were dangerous, but that their consumption was dangerous. Thus, there was no necessity to summarily destroy the goods.
[5] We note that although some courts have waived the notice requirement, they have done so only when failure to give notice resulted in no prejudice to the seller. See, e.g., Pritchard v. Liggett & Myers Tobacco Co., 295 F.2d 292 (3d Cir.1961); Note, Notice of Breach and the Uniform Commercial Code, 25 U.Fla.L.Rev. 520, 522 n. 15 (1973).